OXWELD ACETYLENE CO. v. DARDEN. (No. 1721.)

(Court of Civil Appeals of Texas. Texarkana. March 20, 1917. Rehearing Denied March 29, 1917.)

1. SALES ☞347(4)—SELLER'S ACTION FOR PRICE—DEFENSE OF FRAUD.

In suit on a note given for purchase of an acetylene plant, defense of fraud in inducing defendant to execute the contract must be such as would justify its rescission, the note being an executed contract to unconditionally pay money at a stipulated time.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 966.]

2. SALES ☞38(3)—MISREPRESENTATION—EXPRESSION OF OPINION—CLIMATIC CONDITIONS.

Misrepresentations relating to climatic conditions causing water to freeze are to be treated as mere expressions of opinion, being matters of general knowledge.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 67.]

3. SALES ☞38(3)—CONTRACT OF SALE—FRAUD—FUTURE OCCURRENCE.

False representations that water in the retainer of an acetylene plant sold to defendant would not freeze is not actionable fraud, since it relates to a future occurrence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 67.]

4. SALES ☞52(1)—CONTRACT OF SALE—DEFENSE OF FRAUD—BURDEN OF PROOF.

Where defendant in action on note given in purchasing an acetylene plant alleged fraud in inducing him to execute contract, burden was upon him to prove such defense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–123, 1045.]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Suit in justice court by the Oxweld Acetylene Company against E. J. Darden. Judgment for defendant, and plaintiff appealed to county court, where judgment was affirmed, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Price & Beaird, of Tyler, and J. A. Mallory, of Lindale, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellee.

HODGES, J. This case originated in the justice court of precinct No. 6 of Smith county in a suit by the appellant against the appellee to recover the sum of $165, together with interest and attorney's fees on a promissory note. From a judgment in favor of the appellee the appellant appealed to the county court, and from a similar judgment in the county court this appeal is prosecuted. The only error assigned is that the verdict of the jury and the judgment rendered were contrary to the undisputed evidence.

The facts show that on February 25, 1914, the appellant's agent took from the appellee an order for an acetylene plant. The order was in the form of a contract, and contained the following warranty:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

It is further stipulated:

"That this order shall become a contract between the purchaser and the company upon the acceptance thereof at any of its regular offices in the spaces below by duly authorized manager or officer of said company; it being understood that this instrument upon such acceptance covers all of the agreements modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be canceled or repudiated by the purchaser, or altered or modified by any agent or representative of the company, or in any manner except by agreement in writing between the purchaser and the company acting by a duly authorized manager or officer of said company."

On March 3, 1914, the appellee executed his promissory note, agreeing to pay the sum of $165 on February 25, 1915, together with interest at the rate of 10 per cent. per annum from date and 10 per cent. as attorney's fees.

The defense rests upon the plea that the agent who took the above order made certain material misrepresentations. According to the appellee's testimony the agent told him that the water in the retainer would not freeze during the winter in that climate. He says that he read part of the contract; he had an opportunity to read it all, but failed to do so because he relied upon the agent's representations concerning the contract. He further testified that after the plant was erected he used it until the following winter; that when the weather became cold the water in the retainer froze, and while frozen the plant could not be operated. He stated that he made no effort to inclose the plant with a house, or otherwise protect it from cold weather. It appears from other testimony that the freezing of the water merely prevented the formation of the gas consumed in producing the light; that when the ice melted or if the ice were broken the gas would form in the usual manner. There does not seem to be any other objection to the plant made or relied upon as a defense.

[1-4] The note sued on being an executed contract to unconditionally pay money at a stipulated time, the appellee can escape liability only by showing that he was induced to enter into the contract by such fraud as would justify its rescission. The only fraud charged is the misrepresentation that the water in the retainer would not freeze during the winter. Climatic conditions which cause water to freeze are matters so generally known that such representations should be treated as mere expressions of opinion. 1 Black on Rescission and Cancellation, § 76. But conceding that it should be regarded as the statement of a fact, it related to a future occurrence, and there is no such fraud shown as would authorize the court to rescind the contract between the parties. The defendant below having alleged fraud and rested his defense entirely upon that ground, it devolved upon him to prove that defense by satisfactory evidence. This he has failed to do.

The judgment of the county court will therefore be reversed, and judgment will be here rendered in favor of the appellant for the full amount sued for and for all costs both of this court and of the court below.