[No. 3157. Nov. 9, 1927.
Rehearing Denied Jan. 10, 1928.]

## J. B. COLT CO. v. GAVIN.

[262 Pac. 529.]

H. G. Gatling, of Albuquerque, for appellant.

Downer & Keleher and Walter C. Cochrane, all of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J. Appellant sued appellee upon a promissory note. Appellee admitted its execution and affirmatively alleged:

That it was given "in payment of and for a carbide plant, which the plaintiff represented and held out to the defendant to be a machine or appliance which would operate successfully during all the months of the year in furnishing gas for fuel and cooking purposes."

She further alleged:

"That the said plaintiff misled this defendant in that said equipment and appliance was defective and did not operate as promised by the plaintiff in that the water in said plant freezes in October, November, December, January, February, and March, during which time said equipment could not be used for any purpose."

Because of these facts, appellee alleged that the plant was worthless and that the consideration for the note had failed.

Appellant replied, admitting that the consideration for the note was as stated, setting up the written contract for the sale of said plant, alleged that the writing included the whole agreement between the parties, and that it had fully performed the same.

The contract contained the following warranty:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable, galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

The case was tried to the court, who based the judgment upon specific findings of fact and conclusions of law. Of his own motion, he found, in substance, that there was no defect in the machine as to material or workmanship, and that it operated successfully and satisfactorily during the warm weather, but during the colder months of the year the water in the galvanized tank would freeze, interrupting the generation of gas; that the plant was sold for the special purpose of furnishing illuminating and cooking gas for domestic purposes; and that, while the installation of the plant and the housing of the generator were under a separate contract with one Alary, and were paid for by appellee, he was in fact introduced by appellant, and reported installation upon a blank form furnished by appellant containing a certificate by appellee to the effect that she had witnessed the tests, that the connections had been made in accordance with the instructions for installing, that the installer had made certain explanations to her, and that the installation was complete and satisfactory. He further found that it was installed in an adobe structure according to Alary's directions, and that the structure was afterwards slightly changed at the suggestion of the "admitted agent" of appellant.

The court's conclusions of law were as follows:

"(1) The specific warranties contained in the sales agreement do not exclude a general implied warranty that the machine is

suitable for the special purposes for which it was sold to the defendant, namely, furnishing illuminating and cooking gas for domestic purposes.

"(2) The man who installed the machine was an agent of the plaintiff company, and the claim of plaintiff that he was not is a sham and a pretense.

"(3) The court finds that the climate of Albuquerque is not an unreasonably cold climate and, in fact, is milder than in most portions of the United States, and that the reasonable implied warranty as to the purpose of the machine is that the same will function in any ordinary climate. If it is necessary to install a machine in a place where the temperature is kept above freezing, this should doubtless be disclosed by the company. In the instant case the company undertook to direct and superintentend the installation of the machinery, and consequently the defendant had a right to expect that the machine was properly installed and housed and would perform the functions for which it was sold. The court holds that the failure of .the machine to function after being installed by the company constituted a breach of the implied warranty mentioned in conclusion of law No. 1."

At appellant's request, the court further concluded, as matter of law:

"That the fact that water will freeze in cold weather is a matter of common knowledge, notice of which is chargeable to the defendant, and of which fact the court will take judicial knowledge." .

It is contended, first, that the court erred in refusing to strike testimony of appellee tending to vary the terms of the written contract. This contention might be overruled on several grounds, but it is sufficient to say that the evidence apparently had no effect on the result. It was to the effect that appellant had agreed that if the apparatus "didn't work in one year, they were to take it back." The warranty, for breach of which recovery was denied, was one implied by the court, regardless of any express agreement between the parties. For that reason, if the evidence was incompetent its admission is not available error. Moore v. Moore, 28 N. M. 463, 214 P. 585.

It is true, as next contended by appellant, that there was no admission that the person at whose suggestion the housing of the plant was changed, was appellant's agent. However, there was proof of the fact, and it was not objected to nor rebutted. The court, no doubt, used the expression "admitted agent" in the sense merely that the

agency was not denied. We find no merit in this assigned error.

■ The third proposition presented is that the express warranties contained in the contract, excluded the implied warranty upon which the judgment is based, namely, fitness of the plant for the special purpose for which sold.

It is not doubted that if a machine is sold for a particular use, there is an implied warranty of suitability. Nor do we doubt that an express warranty as to suitability will exclude any implied warranty thereof. For instance, an express warranty that the machine would operate successfully at a specified temperature would exclude the particular warranty implied by the court in this case. But the express warranties above set forth relate not at all to the working or functioning of the machine, nor to its adaptability to any conditions or fitness for any purpose, only to its material and workmanship, and to its acceptability to the underwriters. The question therefore is whether an express warranty as to one subject excludes the ordinarily implied warranties as to others.

While many cases can be found in which it is broadly said that the presence of express warranties excludes all warranties by implication, and some cases have actually applied such rule, we think that the better reasoning and the great weight of authority support the proposition that the ordinarily implied warranties are not excluded by the mere presence of express warranties relating to different subject-matter, and not inconsistent therewith. See 2 Mechem on Sales, § 1260; 1 Williston on Sales, § 239; 23 R. C. L. "Sales," §§ 227, 228; 35 Cyc. 392, and the following case notes: 15 L. R. A. (N. S.) 862; 33 L. R. A. (N. S.) 501; 102 Am. St. Rep. 609.

The English Sale of Goods Act provides:

"An express warranty or condition does not negative a warranty or condition implied by this act unless inconsistent therewith." Benjamin on Sale, 6th Ed.) 746.

The Uniform Sales Act, § 15, subsec. 6, is in exactly the same language. While these Codes are not in effect

in New Mexico, they represent a concensus of able opinion as to what the law ought to be. So this contention is overruled.

From the facts as found, we cannot agree with appellant that there is no substantial evidence to support the court in holding that Alary, who installed the plant, was appellant's agent for the purpose. He was warranted in finding that Alary was instructed by appellant as to the work, and, required to report to appellant what he had done. Probably no more was meant by the finding.

It is finally contended that upon the facts found judgment should have gone for appellant. Counsel argues that the only defense is the fact that ordinary water froze at the freezing temperature; a natural phenomenon with which all parties are presumed to have been familiar, and of which they are chargeable with notice; that it is absurd to imply a warranty contrary to such phenomenon, or to admit a defense based entirely on the happening of what should have been anticipated. Great reliance is placed upon Oxweld Acetylene Co. v. Darden (Tex. Civ. App.) 194 S. W. 1131. That case, like this, was a suit on a note, given for the purchase price of a similar plant, and sold on an identical warranty. The defense was fraud, consisting in a false representation "that the water in the retainer would not freeze during the winter in that climate." The court pointed out that liability on the note could be escaped only by showing that the defendant "was induced to enter into the contract on such fraud as would justify its rescission," and said:

"The only fraud charged is the misrepresentation that the water in the retainer would not freeze during the winter. Climatic conditions which cause water to freeze are matters so generally known that such representations should be treated as mere expressions of opinion. 1 Black on Rescission and Cancellation, § 76. But conceding that it should be regarded as the statement of a fact, it related to a future occurrence, and there is no such fraud shown as would authorize the court to rescind the contract between the parties."

Although there is a great similarity of facts in the two cases—the Texas case and the case at bar—they present different questions. In the former, the purchaser defended on the ground of fraud in the procuring of a contract

upon a representation contrary to ordinary experience and knowledge. Here we have a different defense and a different theory of decision.

As appellant interprets the court's conclusions, the judgment is based on an implied warranty that ordinary water would not congeal at the usual freezing point. If that were correct construction, we should agree with appellant's counsel that he has a stronger case for reversal than was presented in the Texas case. But before attributing to the trial court such an unreasonable view, we must be convinced by unequivocal expressions that he entertained it. Appellant points to the conclusion, made at his request, and above quoted, taking judicial notice of the freezing of water and charging appellee with knowledge of it, as evidence of inconsistency on the part of the trial court. We regard it as proof that appellant now imputes to the court a theory which he did not in fact adopt.

The theory of the trial court is summed up in the final sentence of conclusion 3. He says:

"The failure of the machine to function after being installed by the company constituted a breach of the implied warranty mentioned in conclusion of law No. 1."

This we think can only mean that the court viewed the whole transaction, including the warranty to be implied, as an undertaking by appellant to furnish and install a plant that would operate the year around in Albuquerque; an undertaking not performed. Thus he applies to the particular facts in the case the general rule of implied warranty of fitness for the special purpose. The correctness of the application is not challenged, as matter of law, and so is not a question for consideration. The basis of counsel's argument in this connection is his interpretation of the trial court's theory of decision. Such interpretation we find to be incorrect. The premise being false, the argument is of no force, and the contention must be overruled.

Having decided adversely upon all argued assignments, we affirm the judgment and remand the cause.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

## ON MOTION FOR REHEARING.

WATSON, J. Appellant contends that the judgment denying any recovery on the promissory note was not warranted by the holding of the trial court that there had been a breach of implied warranty. It is urged that for such a breach appellee had the option to rescind or affirm; that, by failing to return or tender the goods, she elected to affirm; and that, in such case, her defensive remedy was limited to a counterclaim for damages. It is pointed out that the result of the judgment is to relieve appellee entirely from payment, while leaving her in possession of, the goods.

We did not fail to notice the peculiarity of the defense interposed and the anomalous result. We did not find it mentioned in the brief, however, and, so gave it no consideration. Appellee objects that it is a point not made below and here raised for the first time. The objection seems to be well taken. We cannot find that appellant ever questioned that the defense made by the answer was sufficient in law, and that, if maintained, it would bar recovery on the note. The nearest approach to the point was in requesting these conclusions of law:

"(10) That the promissory note sued on in this case was an executed contract to unconditionally pay money at a stipulated time, and that the evidence of misrepresentation adduced by the defendant does not show that she was induced to enter into the execution of the promissory note by such fraud or misrepresentation as would justify the rescission of said note nor as would permit the defendant to escape liability on said note.

"(11) That there is no such failure of the consideration for said promissory note as would justify the rescission of said note, nor as would permit the defendant to escape liability thereupon."

These propositions did not, in our judgment, invoke a ruling that a successful defense was dependent upon rescission of the contract and return of the goods. The contention is made too late.

How the title to the goods may have been affected by the present judgment is a question not now to be determined.

Appellant also restates and reargues the proposition that the court erred in basing judgment upon an implied warranty. We see no occasion to re-examine the question.

The motion for rehearing will be overruled.

PARKER, C. J., and BICKLEY, J., concur.