[No. 3302.   Nov. 4, 1929.]

J. B. COLT CO. v. CHAVEZ et al.

[282 Pac. 381.]

Leo L. Heisel, of El Paso, Tex., for appellant.

J. H. Paxton, of Las Cruces, for appellees.

### OPINION OF THE COURT

WATSON, J.   This is an action on a promissory note. Defendants admitted its execution, but denied liability. They pleaded affirmatively that the consideration of the note was the purchase from plaintiff of a carbide lighting and heating plant to be installed in their residence and to provide light therefor, and that, after installation, the plant had proved entirely inefficient, and could not be used. By way of counterclaim they asserted damages consisting of expenditures in the attempt to install and operate the plant, and in making repairs to the house after the plant had proved worthless, and necessary because of the attempt to install it.

Upon a verdict finding the issues for the defendants and against the plaintiff, and fixing the amount of dam-

ages, judgment was rendered for defendants upon the counterclaim.

No question is here raised upon the counterclaim except in connection with the main question of liability upon the note. The latter question was submitted to the jury under the following instruction:

"If you believe from the preponderance of the evidence that the lighting equipment mentioned in the pleadings and in the testimony was not fitted for the uses and purposes for which it was purchased, and that it failed to furnish light in the home of the defendants without detriment to the health and safety of the defendants, then you should find the issues joined in favor of the defendants and against the plaintiffs."

The case may be somewhat summarily treated, since it is to a large extent controlled by J. B. Colt Co. v. Gavin, 33 N. M. 169, 262 P. 529.

Appellant says that his assignments raise three questions, viz. whether there was a failure of consideration; whether there was a breach of warranty; and whether appellees were damaged. The third is eliminated by our disposition of the other two. As the case was pleaded and tried, we must consider that, if there was a breach of warranty, it resulted in a failure of consideration. It is here argued, as it was on the rehearing in the Gavin Case, that a claim of breach of warranty of fitness, unaccompanied by a return or tender of the goods, does not amount to a failure of consideration, and would give rise only to a counterclaim for damages. Here again the question comes too late. It was first raised below by motion for a directed verdict at the close of the case. The learned trial judge overruled the objection as coming too late, saying that it might seasonably have been raised by the pleadings. Moreover, without objection proof had been received of an agreement between appellees and appellant's salesman that the plant would be returned and appellees reimbursed for their expense.

By the instruction the court assumed that there was a warranty of fitness for the proposed use. Whether the assumption was based upon an express or an implied contract we cannot tell. Appellant contends that it could not properly have been based upon either.

It is urged that the express warranty of material and workmanship excluded all implied warranties. This is disposed of by the Gavin Case, where the express warranty was identical.

It is urged further that an express warranty of fitness made by the salesman could not be shown without varying, modifying, and adding to the written contract. If there be merit in this contention, it cannot avail. That such evidence was offered and received is admitted. Counsel have failed to make any specific references to erroneous rulings.

The judgment will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.