### STARNES v. MOTSINGER. (No. 1830.)

(Court of Civil Appeals of Texas. El Paso. Dec. 3, 1925. Rehearing Denied Jan. 7, 1926.)

1. **Fraud ⊙⟺11(1) — Representation of what business would earn held opinion and not actionable.**

Representation by seller as to what business would earn *held* mere opinion and no basis for action for fraud, especially where seller's earnings had been what he represented buyer's would be.

2. **Fraud ⊙⟺12—Promise inducing contract not ordinarily fraud, though subsequently broken without excuse.**

Ordinarily, promise to perform some act in future, made as representation to induce a contract, will not amount to fraud in legal acceptation, though subsequently promise is broken and nonfulfilled without excuse.

3. **Fraud ⊙⟺11(1)—Statement of opinion not fraud.**

A representation, made and understood as nothing more than a statement of opinion, cannot constitute fraud.

4. **Appeal and error ⊙⟺1062(1)—Erroneous submission of issue held to require reversal.**

Though jury found that other representations were made, erroneous submission of issue as to representation concerning what business sold would earn *held* to require reversal, where there was no evidence of damages other than testimony as to earnings being less than represented.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by John F. Starnes against H. B. Motsinger. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wallace & Cameron, of El Paso, for appellant.

Kemp & Nagle, of El Paso, for appellee.

PELPHREY, C. J. Appellant brought this suit in the county court at law of El Paso county, Tex., to recover the sum of $325, alleging that on or about the 28th day of January, 1925, he sold to appellee a certain shoe repairing outfit, together with a lease on the premises where the machinery was located; that the price agreed upon by the parties was approximately $750; that a portion of the

(278 S.W.)

purchase price was paid in cash, and a check for $325, drawn upon the State National Bank of El Paso, Tex., was given to appellant by appellee, upon which payment was stopped by appellee.

Appellee filed a general demurrer and general denial and answered specially, alleging that appellant, at the time the sale was made and prior thereto, made certain false and fraudulent representations to appellee, to wit, that all the machinery in the shop was in good serviceable condition and in good running order; that the net profits from the business would exceed $100 per month; that the rent on the premises was only $30 per month, when in truth and in fact it was $35; that appellant agreed to stay with appellee and teach him the business, which he failed to do; and that the property was free from incumbrances of any kind, when in truth and in fact there was a bill for material and taxes due and unpaid on the property. Appellee prayed for cancellation of the check and for damages in the sum of $425.

Appellant filed a general denial to appellee's cross-action.

The case was submitted on special issues: The following are the issues and answers:

"(1) Do you find from a preponderance of the evidence before you that prior to January 28, 1925, the plaintiff represented to the defendant that the machineries in the Alta Vista Shoe Shop were in good running order and in good serviceable condition? Answer Yes or No. Answer: Yes.

"(2) Do you find from a preponderance of the evidence before you that on or prior to January 28, 1925, the plaintiff represented to the defendant that the Alta Vista Shoe Shop would make defendant over $100 a month clear? Answer Yes or No. Answer: Yes.

"(3) Do you find from a preponderance of the evidence before you that on or prior to January 28, 1925, the plaintiff represented to the defendant that the Alta Vista Shoe Shop was clear and free from incumbrances? Answer Yes or No. Answer: Yes.

"If you have answered all of questions 1, 2, and 3 'No,' then you need not proceed further, but will sign your verdict and bring it into court. But if you have answered any of questions 1, 2, or 3, 'Yes,' then, but not otherwise, you will answer No. 4.

"(4) Was such representation true or false? Answer True or False, as you may find from the evidence before you. Answer: False.

"If you have answered question 4 that such representation was false, then, but not otherwise, answer question No. 5.

"(5) Do you find from the preponderance of the evidence that defendant would not have executed the check but for such representations? Answer Yes or No. Answer: No.

"If you have answered either of questions 1, 2, or 3, 'Yes,' and question No. 4, 'False,' and question No. 5, 'No', then, but not otherwise, answer question No. 6.

"(6) What amount of money, if any, do you find from the preponderance of the evidence before you that the defendant has thereby been damaged? Answer as to the amount found by you as you may determine from the evidence before you. Answer: $325."

Upon the above findings the court rendered judgment that appellant take nothing; that, the findings of the jury being that one debt offsets the other, appellee take nothing by reason of his cross-action, but that the check be canceled and appellee recover of and from appellant all costs.

[1] Appellant asks for a reversal of this case upon the one proposition that the court erred in submitting to the jury over his objection special issue No. 2, and contends that a matter of opinion as to what will happen in the future cannot be the basis of an action for fraud.

Appellee contends that the representations made by appellant as to the amount appellee would earn in the shoe shop were peculiarly within the knowledge of appellant; that they were made for the purpose of deceiving appellee, and therefore formed a predicate for actionable fraud; and that, the jury having answered special issues Nos. 1 and 3 favorable to appellee, those findings were sufficient basis for a judgment in favor of appellee regardless of whether the submission of special issue No. 2 was erroneous or not, and regardless of how the jury might have found on that issue.

Reviewing the statement of facts, we find that appellee testified relative to the representations as to what the business would earn as follows:

"He told me he wanted to sell the business because he wanted to go to California, and that it was a business that would make, he said, over $100 a month, and he also told me that it would net me $100 a month or over. I did rely on the statement of Mr. Starnes. That is all that I had to go by, so I relied on his statements solely. I relied on what he said about the amount the business was making; I relied on everything that he told me; I knew nothing whatever about this business or the machinery, and I relied solely on the representations of Mr. Starnes. If it had not been for those representations I would not have purchased the business from Mr. Starnes. I found that the business would not net anything like one hundred a month, and the machinery was not in good serviceable condition, and did not give me any satisfaction. I did not know or do not know that he made more than $100 a month—I don't know anything about it. He did tell me that he made it. Mr. Starnes did tell me that he was making more than $100 a month. Yes; Mr. Starnes told me that he was making more than $100 a month, and I did not make that much. By telling me that it would make over $100 a month he induced me to buy the shop. He said I could make over $100 net profit. He was not making over $100 a month profit. Mr. Starnes did say that it would net me $100 a month."

Appellant, J. F. Starnes, relative to the same matter, testified as follows:

"I told Mr. Motsinger that I made more than $100 a month, and if I hadn't, I would have

closed the place, or starved to death. Why, sure I made more than $100 a month, for I can show you that. I told him that I did not know what he would make, and could not guarantee him. I did not tell Mr. Motsinger that the shoe business that I sold him would net him $100 a month. I did not tell him what it would make. No; I did not tell him how much money he could make. I had been making $150 or $200 a month, but I have not got my books with me."

Mrs. J. F. Starnes, wife of appellant, testified as follows:

"He (Starnes) told him (Motsinger) he could make $100 or more a month if he would try, and told him how he could get customers, and get the farmers' trade, and also how to get the Eighty-Second Artillery boys' shoes, for we used to get to fix all of their shoes. Whenever the business got shy we would go and get the soldiers' shoes to keep up our business. Oh, we made something like $150 a month or more. We worked for 120 boys in one regiment last summer. This business was making more than $150 a month."

[2] Ordinarily, a promise to perform some act in the future, although made by one party as a representation to induce the other to enter into the contract, will not amount to fraud in legal acceptation, though subsequently the promise is, without any excuse, entirely broken and nonfulfilled (Bigham v. Bigham, 57 Tex. 238; Chicago, T. & M. C. Ry. Co. et al. v. Titterington et ux., 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39); but, as was held by the Supreme Court in the Titterington Case, supra, there is a well-founded exception to the above rule, and that is where a party makes a promise to do something in the future with the design of cheating and deceiving the other party and had no intention of performance then, and, in that case, it would be actionable fraud.

[3] A representation which is made and understood as nothing more than a statement of opinion cannot constitute fraud. 26 Corpus Juris, p. 1079; Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; Jackson v. Stockbridge, 29 Tex. 394, 94 Am. Dec. 290; Wortman v. Young (Tex. Civ. App.) 221 S. W. 660; Oxweld Acetylene Co. v. Darden (Tex. Civ. App.) 194 S. W. 1131; Laybourne v. Bray (Tex. Civ. App.) 190 S. W. 1159; Landrum v. Thomas (Tex. Civ. App.) 149 S. W. 813; Horton v. Smith (Tex. Civ. App.) 145 S. W. 1088; Oneal v. Weisman, 39 Tex. Civ. App. 592, 88 S. W. 290; International, etc., R. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189; Hunter v. International Bldg., etc., Ass'n, 24 Tex. Civ. App. 453, 59 S. W. 596.

If the representation that the business would earn more than $100 per month as made by appellant was merely the expression of an opinion by appellant, then such representation did not constitute actionable fraud, and the submission of that issue to the jury was erroneous.

Black on Rescission and Cancellation, art. 86, says:

"In order to effect a sale, induce the making of a contract, or place a proposed investment in a favorable light, it is quite common to make representations as to future value, productiveness, efficiency, or economy, or as to expected earnings or profits. But since that which lies in the future cannot be a matter of certain knowledge, it is held that all such representations must be taken and understood as mere expressions of opinion, and therefore their nonfulfillment cannot be treated as fraud."

There are probably exceptions to the above rule, and if, in the present case, appellant had been losing money in the business or the earnings had been far below the amount he represented it would earn appellee, and he had dishonestly made the representation for the express purpose of deceiving appellee, then the representation might be actionable fraud, but where the evidence shows, as it does in this case, that the business had been earning more than the amount represented as its future earning capacity, we are of the opinion that such representation was merely the opinion of appellant as to what he believed the appellee would be able to make out of the business, and should have been so accepted by appellee. Common experience is replete with instances where one person has made a success of a business, and where a subsequent purchaser of the business has made an absolute failure. It is our opinion that the court erred in submitting this issue to the jury.

[4] As to the question of whether the jury's findings on the other issues were sufficient upon which to base the judgment regardless of their finding on special issue No. 2, it is our opinion that, in this particular case, the finding of the jury in answer to special issue No. 6 must necessarily have been based, to some extent at least, on their finding that appellant had made a false representation as to the future earnings of the business. There being no way in which the amount of damage occasioned by the representations as to the condition of the machinery or the incumbrances can be determined, there being no evidence as to damages, other than the testimony of appellee as to the monthly earnings of the business being less than they had been represented, and the statement that but for the false representations he would not have purchased the business, we are of the opinion that the case should be reversed and remanded.

Reversed and remanded.