## SHEEHAN v. TRI–STATE MOTOR CO.
### No. 2740.

Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1932.

Rehearing Denied Dec. 22, 1932.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellant.

J. Walker Morrow, of El Paso, for appellee.

1048

PELPHREY, C. J.

On or about July 1, 1928, appellant, doing business in the name of J. P. Sheehan & Co., purchased from appellee a ten-ton Crawler oil field wagon "E W C," paying $1,383.87 in cash therefor. The wagon was shipped to George Berry, Pyote, Tex., a customer of appellant, who, after a trial, turned it back to appellant. Thereupon appellant tendered the wagon back to appellee who refused to receive it and refused to refund the purchase price.

On September 25, 1928, appellant filed this suit, alleging that appellee knew he was in the business of selling machinery in the oil fields of West Texas and New Mexico, and, with knowledge of such fact, at his instance and request, had the wagon shipped to Berry for use in the oil fields; that appellee represented to him that the particular wagon would be satisfactory to appellee and to his customer, and was adapted to oil field purposes; that said representations were a part of the agreement and induced him to purchase the wagon; that the wagon was faithfully tried out by the customer of appellant, and found unsatisfactory and of no value for the purpose for which it was sold to appellant; that he, since learning such facts, had sought to cancel the contract and have his money returned, but that appellee had failed and refused to return same; that no consideration passed from appellee to him, thereby rendering the contract of sale utterly void.

Appellant prayed for a rescission of the contract, for a return of the money paid by him, and tendered a return of the wagon, which he alleged to be of no value, and, in the alternative, he alleged the value of the wagon to be less than $200, and tendered same in cancellation of the contract. He prayed for the recovery of $1,383.87 as damages by reason of the failure of the wagon to meet the requirements represented, and alleged that appellee was indebted to him in that sum which he was withholding.

Appellee answered by a general demurrer, special exception, a general denial, and specially pleaded that appellant and appellee were competitive dealers in oil field machinery and supplies; that appellant was as familiar with oil field equipment and particularly the equipment mentioned in appellant's petition, as was appellee; that it did not carry the equipment in stock, but merely had the right to buy it in this locality; that appellant, being unable to purchase, at that particular time, the equipment he needed, requested and was granted permission to use the name of appellee in the purchase of the wagon mentioned in his petition under an arrangement which in effect divided the profits of the sale between appellant and appellee; that appellant purchased the wagon in appellee's name from the manufacturer, having knowledge of all the information that appellee had as to the character of the equip-

ment and its adaptability for any given service; that appellee merely acted as an instrumentality or agent of appellant in the transaction, or jointly with him; that, if any defects existed in the equipment, appellant and the owner of the equipment waived the same by requesting appellee to make certain repairs thereon, and by using and damaging same after such repairs had been made; that appellee was informed and believed that, after appellant and the owner of the machine were fully acquainted with the qualities of the machine, they or the owner alone loaded thereon a 120 horse power boiler in such manner that it broke the frame and seriously damaged the equipment; that, if any impairment of the value of the machine has occurred, it was due to the treatment accorded to it since it was repaired by appellee at appellant's request and after he and the owner were both fully acquainted with the quality of the machine; and that, by so using the machine, appellant and the owner ratified and confirmed the transaction complained of and waived any defects in the equipment.

A jury in response to special issues found: (1) That appellant purchased the wagon from appellee and not from the manufacturer; (2) that appellee represented to appellant that the wagon was especially adapted to oil field work; (3) that appellant believed such representation and relied thereon; (4) that the representation was a material inducement to appellant to purchase the wagon; (5) that the wagon was not fitted for work in the oil fields; (6) that the representation was made by appellee or its agent, as an opinion or expectation and not as a statement of fact; (7) that appellee did not act as the agent of appellant in the transaction; (8) that neither Berry or Sheehan accepted and used the wagon after it was repaired; and (9) that appellant did not request appellee to repair the wagon.

Thereafter the trial court rendered judgment that appellant take nothing, and he has appealed.

### Opinion.

Appellant's brief contains thirteen propositions, in which he asserts that the court erred in rendering judgment for appellee on the verdict. In substance, his position is that, it appearing from the findings that the wagon was sold for a special purpose known to appellee, and that it was not suitable therefor, he was entitled to judgment on the implied warranty arising as a matter of law that the wagon was suitable for the intended purpose, and (2) that, it appearing from the findings that appellee had represented the wagon was especially adapted for oil field purposes, that appellant believed and relied on such representation and was induced thereby to purchase the wagon, and that the wagon was not fitted for work in the oil fields, the court should have rendered judgment in his favor.

Appellee counters with the proposition that the judgment was correct because, the cause having been tried in the lower court on the theory of fraud on the part of appellee, and the jury having found that the representation complained of was not a statement of a fact, but merely the expression of opinion, there could be no fraud.

[1] That the cause was tried in the lower court on the theory of fraud on appellee's part is apparent from the issues submitted, therefore, to entitle appellant to a judgment actionable fraud must have been shown.

 The jury, it is true, found that certain representations were made, that appellant was induced by them to purchase the wagon, and that the representations were not true, but it also found that the representations were made as an opinion or expectation and not as a statement of fact. That a representation, though false, which is made only as a statement of opinion, cannot, as a general rule, constitute fraud, we think, is well settled, Starnes v. Motsinger (Tex. Civ. App.) 278 S. W. 496, and authorities there cited; and, the jury having here found that the representations were made merely as an opinion or expectation, there exists no such fraud as would entitle appellant to rescind the purchase of the wagon. It follows, therefore, that the judgment complained of was the proper judgment upon the findings.

The judgment is accordingly affirmed.