## BLOW v. INDEMNITY INS. CO. OF NORTH AMERICA.

### No. 2482.

Court of Civil Appeals of Texas. Beaumont.
Dec. 13, 1933.

Rehearing Denied Dec. 20, 1933.

C. A. Lord, of Beaumont, and J. T. Lindsey, of Port Arthur, for appellant.

Barnes & Barnes, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in the district court of Jefferson county by appellant, O. L. Blow, against appellee, Indemnity Insurance Company of North America, to set aside a compromise settlement of a compensation claim, entered into with the approval of the Industrial Accident Board, under the terms of the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). For cause of action appellant pleaded injuries, received in the course of his employment, entitling him to compensation on the basis of an average weekly wage of $36; that he entered into a contract of settlement with appellee through its duly authorized agent, W. Hilton Berger, duly approved by the Industrial Accident Board, whereby he was paid by appellee the sum of $750; that, at the time he made the settlement, he did not know that his injuries would result in blindness, but appellee did know that he would suffer blindness from the alleged injuries; as a basis for and a condition of the contract, appellee agreed with appellant that, if the condition of his eyes did not improve, it would reopen his claim and resume payment of compensation; quoting from appellant's brief: "That is, that the insurance company would pay him additional compensation if his condition grew worse or grew no better, and that it would after the settlement was made pay him all compensation he was entitled to receive under the law and the facts of the case, and that the plaintiff was not making a full and final settlement"; that he accepted appellee's representations as true and entered into the contract relying thereon, and but for the representation to reopen his case, on the condition stated, he would not have made the settlement. Appellant's petition continued as follows:

"Plaintiff alleges that the said representations and promises so made to him were false and untrue and were known to be so by the defendant and its said agent, and that the same were made to the plaintiff without any intention of carrying them out and for the purpose of procuring the settlement and release which the plaintiff executed upon payment to him of the said sum of $750.00. * * * That the said W. Hilton Berger, as agent of the defendant, knowingly and intentionally induced the plaintiff to make the said settlement agreement, knowing that the plaintiff relied upon him and reposed trust in him in the premises and believed that he would carry out the promises aforesaid. * * * Plaintiff alleges that on account of the misrepresentations and frauds aforesaid the plaintiff was induced to accept the compromise settlement and make the release aforesaid, although his injuries were such as to entitle him to receive compensation for a period of 401 weeks at $20.00 per week, so that by said fraud and misrepresentations he has been deprived of these valuable property rights and of the compensation that the law entitled him to receive; and the plaintiff alleges that the defendant has wholly failed and refused to pay him any additional compensation as it promised to do, although it knows of the plaintiff's total and permanent incapacity and in fact knew of such condition at the time it so fraudulently induced the plaintiff to make the said compromise settlement aforesaid."

The prayer was as follows: "Plaintiff prays that upon trial hereof he have judgment against the defendant setting aside the said compromise settlement agreement and decreeing the same to be of no force and effect, and he prays that the order and judgment of the Industrial Accident Board approving the said settlement be in all things set aside and held for naught, and he prays for all costs of suit, and for general and special relief, legal and equitable."

The jury found in appellant's favor every essential fact, constituting a cause of action under the Workmen's Compensation Act,

for total, permanent disability at the average weekly wage of $36; also the jury found in his favor that the contract of settlement was made by him as pleaded, upon the representation of appellee's agent as pleaded, and that he believed the representations and relied upon them as the basis of the settlement, and but for these representations would not have made the settlement. But the following issue, pleaded by appellant as one of the essential elements of his cause of action for fraud, was found against him: "That the same (the representations upon which appellant made the settlement) were made to the plaintiff without any intention of carrying them out and for the purpose of procuring the settlement and release."

Thus the jury returned an affirmative answer to the following question: "Do you find that the said W. Hilton Berger at that time intended to reopen said case and pay the said O. L. Blow additional compensation if the said Blow did not improve or should become worse?"

Judgment of the lower court was against appellant, refusing to set aside the contract of settlement.

### Opinion.

By its answer to question 17, copied above, the jury found against appellant on one of the essential elements of his cause of action for fraud. If, at the time W. Hilton Berger, representing appellee, made the contract of settlement with appellant, he intended "to reopen said case and pay the said O. L. Blow additional compensation if the said Blow did not improve or should become worse" as found by question No. 17, then the execution of the contract was not induced by fraud. The general proposition of law, controlling this case, is thus stated by 12 R. C. L. 254: "Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud."

The following Texas cases support the general rule thus announced: Starnes v. Motsinger (Tex. Civ. App.) 278 S. W. 496, 498: Tripplehorn v. Ladd-Hannon Oil Corp'n (Tex. Civ. App.) 8 S.W.(2d) 217, 221; San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 474, 31 Am. St. Rep. 39; Bigham v. Bigham, 57 Tex. 238; Stuard v. Vick (Tex. Civ. App.) 9 S.W.(2d) 494; Pierce v. Sicard, 176 Ark. 511, 3 S.W.(2d) 337; Hockley v. Hulet Bros. Storage & Moving Co. (Mo. App.) 16 S.W.(2d) 749; Grand Lodge v. Insurance Co., 324 Mo. 938, 25 S.W.(2d) 783; Jones v. Brammer, 229 Ky. 649, 17 S.W.(2d) 736; Anderson v. Paschall (Tex. Civ. App.) 60 S.W.(2d) 1087; Wright v. Couch (Tex. Civ. App.) 54 S.W.(2d) 209; Marantz v. Weisberg (Tex. Civ. App.) 33 S.W.(2d) 505; 20 Tex. Jur. 31, 32 and 33.

Directly in point is Chicago, T. & M. C. Railway Co. v. Titterington, supra, where our Supreme Court said: "But, upon the other hand, if the promises or representations were made in good faith at the time of the contract, and the defendant subsequently changed its mind, and failed or refused to perform the promises, then such conduct of the company, originally or subsequently, would not constitute such fraud, in legal acceptation, as would justify the rescission of the contract or the cancellation of the deed."

In the same opinion the court also said: "We concede that ordinarily a promise to perform some act in the future, although made by one party as a representation to induce the other to enter into the contract, will not amount to fraud in legal acceptation, though subsequently the promise is, without any excuse, entirely broken and nonfulfilled. This is a plain and well-established proposition, about which there can be no controversy; otherwise every breach of a contract would amount to fraud."

That case recognized an exception to the general rule, thus stated by the Court of Civil Appeals in Starnes v. Motsinger, supra: "But, as was held by the Supreme Court in the Titterington Case, supra, there is a well-founded exception to the above rule, and that is where a party makes a promise to do something in the future with the design of cheating and deceiving the other party and had no intention of performance then, and, in that case, it would be actionable fraud."

Appellant pleaded his cause of action under this well-recognized exception, but lost his case by the verdict of the jury on its answer to question 17, supra.

For the reason stated, the judgment of the lower court is in all things affirmed.

Affirmed.