**BAY PETROLEUM CORPORATION et al.,**
Petitioners,

v.

**O. B. CRUMPLER et ux., Respondents.**

No. A–9597.

Supreme Court of Texas.

Nov. 20, 1963.

W. G. Woods, Jr., Liberty, Baker, Botts, Shepherd & Coates, Ralph S. Carrigan, Houston, for petitioners.

Cain & Cain, Ned A. Whitt, Liberty, for respondents.

CALVERT, Chief Justice.

Suit was by O. B. Crumpler and wife against Bay Petroleum Corporation and Tennessee Gas Transmission Corporation. Damages were sought for injuries alleged to have been caused by the defendants in permitting the escape of noxious and obnoxious gases, fumes, odors and stenches, all hereafter referred to as gases, during their operations in storing gas in a salt dome adjacent to the plaintiffs' premises. The damages sought were for the depreciated value of the plaintiffs' land and house, for discomfort and impairment of their health, and exemplary damages. The plaintiffs also sought a permanent injunction restraining the defendants from permitting the gases to escape and be carried to plaintiffs' premises.

Trial was to a jury on special issues. The trial court rendered judgment, based on the jury's answers to the issues, that the plaintiffs take nothing. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for retrial, holding that the answers of the jury to certain of the special issues are in irreconcilable conflict. 366 S.W.2d 797. We reverse the

judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Fourteen special issues were submitted to the jury. It is sufficient for opinion purposes to paraphrase most of the issues and to indicate the jury's answers.

The jury answered, "No" to issue no. 1 which inquired whether gases escaping from the operations of the defendants had been carried by the wind in substantial quantities onto plaintiffs' premises. Special issues nos. 2, 3, 4, and 5 were submitted conditionally, and were not answered. Issue no. 2 was to be answered only if issue no. 1 was answered, "Yes," and inquired whether the gases had been carried onto plaintiffs' property in such a manner and to such an extent that it was a nuisance. To aid the jury in answering the issue the term "nuisance" was defined, and neither party objected to the issue or the definition. Special issues nos. 3, 4, and 5 were to be answered only if issue no. 2 was answered, "Yes." Issue no. 3 inquired when the condition of nuisance began. Issue no. 4 inquired whether the condition of nuisance was continuous, and issue no. 5 inquired whether the condition of nuisance was temporary or permanent.

The jury found in answer to issue no. 6 that the escape of gases had proximately caused a substantial depreciation in the value of the plaintiffs' real property, and in answer to issue no. 7 found that the extent of the depreciated value was $5,500.00. Issue no. 8 has no significant bearing on the problem before us.

Plaintiffs' claim for damages for personal discomfort and impairment of health, submitted in issues nos. 9 and 10, was eliminated by the jury's refusal to find that the escaping gases had proximately caused the plaintiffs' material discomfort and impairment of health.

The evidence reflected that the plaintiffs had moved their house to a new location. The jury answered, "Yes," to issue no. 11 which inquired if they found "that a reasonable person of ordinary sensibilities, tastes and habits living in the locality in question would have moved his house from the locality in question solely because of the condition of nuisance, if any [they had] found." Issue no. 12 reads: "Do you find from a preponderance of the evidence that the condition of nuisance, if any you have found, was the proximate cause of any damage to plaintiffs' house in question?" The issue is answered, "No." In spite of the negative answer to issue no. 12, the jury gave an answer of "$10,000.00" to issue no. 13 which reads: "What do you find from a preponderance of the evidence is the difference, if any, caused solely by the condition of nuisance, if any you have found, between the reasonable market value of plaintiffs' house immediately before the condition of nuisance, if any, began and the reasonable market value of plaintiffs' house at its present location, * * * ?" Issue no. 14 has no significant bearing on the problem before us.

It was the opinion of the Court of Civil Appeals that the answer to issue no. 1 was in irreconcilable conflict with the answers to issues nos. 6, 7, 11 and 13.

It must be admitted that the finding embodied in the answer to issue no. 1 seems totally inconsistent with the findings embodied in the answers to issues nos. 6, 7, 11 and 13, and for purposes of this opinion we may assume that the findings are conflicting. But the ultimate question is not whether the findings are inconsistent or in conflict, or even in irreconcilable conflict; rather, the ultimate question is whether the conflict in the findings is fatal to the entry of judgment, and that question is to be answered under the rule laid down in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. Under that rule the assumed conflict in the findings in this case is fatal if, ignoring the answers to issues nos. 6, 7, 11 and 13, the answers to issue no. 1 and the other issues would support a judgment for defendants; and if, ignoring the answer to issue no. 1, the answers to issues nos. 6, 7, 11 and 13 and the other issues would support a judgment for plaintiffs.

320

■ A decision as to whether the findings embodied in the answers to issues nos. 6, 7, 11 and 13 and issues other than no. 1 would support a judgment for the plaintiffs for the damages sought must rest in the law of nuisances; for, as said by this Court in Sherman Gas and Electric Co. v. Belden, 103 Tex. 59, 123 S.W. 119, 27 L.R.A., N.S., 237, and reiterated in the recent case of City of Abilene v. Downs, Tex.Sup., 367 S.W.2d 153, "If there be no nuisance, there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property."

■ If we ignore the jury's answer to issue no. 1 there is yet no finding that the escaping gases constitute a nuisance as defined in the court's charge. Nor are there findings of fact upon which to base a legal conclusion that the condition constitutes the type of nuisance authorizing a recovery of the diminished value of plaintiffs' property. There is, for example, no finding that the condition complained of is permanent; and the condition of nuisance must be permanent to authorize a recovery of the sums found in answer to issues nos. 7 and 13. Baugh v. Texas & N. O. Ry. Co., 80 Tex. 56, 15 S.W. 587; Wichita County Water Improvement Dist. No. 1 v. McGrath, Tex. Civ.App., 31 S.W.2d 457, writ refused.

The only findings we have as a basis for a judgment for plaintiffs are that their land depreciated in value to the extent of $5,-500.00 as a proximate result of the escaping gases, and that there was $10,000.00 difference in the value of their house "immediately before the condition of nuisance, *if any,* began" and its value after it was moved to a new location, "caused solely by the condition of nuisance, *if any,*" the jury had found. These findings would not authorize a judgment for the plaintiffs. The opinion of the Commission of Appeals in Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175, indicating that they would, was not approved by this Court. Our notation at the end of the opinion implies disapproval.

■ On the other hand, it is quite clear that if the findings embodied in the answers to issues nos. 6, 7, 11 and 13 are ignored, the finding embodied in the answer to issue no. 1 and the remaining issues would authorize a judgment for the defendants. The negative answer of the jury to issue no. 1 completely destroys plaintiffs' claim of nuisance. Moreover, by failing to object to the conditional submission of issues nos. 2 and 5 the plaintiffs waived their right to have them answered; and under the provisions of Rule 279, Texas Rules of Civil Procedure, there is a deemed finding in support of the court's judgment that the condition complained of was not a nuisance and, if a nuisance, was not permanent. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

Thus, tested by the Little Rock rule, there is no fatal conflict between the jury's answer to issue no. 1 and its answers to issues nos. 6, 7, 11 and 13, though the answers are assumed to be in irreconcilable conflict.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.