**Mrs. Margaret GRIFFIN et al., Appellants,**

**v.**

**H. L. PETERSON COMPANY et al., Appellees.**

**No. 17014.**

Court of Civil Appeals of Texas.

Dallas.

April 5, 1968.

Walter M. Hilliard, Caldwell, Charles C. Smith, Jr., Cameron, for appellants.

Cedric G. Hamlin, Royal H. Brin, Jr., of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

John M. Sanders, Waco, for intervenor.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and the following is substituted.

This is an appeal from a summary judgment.

On January 21, 1966 appellants Margaret Griffin and her two sons, Clark D. Bryant and L. R. Bryant, sued appellees H. L. Peterson Company and J. Dowell Hunt, Jr., seeking cancellation of two contracts. Hunt was a salesman for H. L. Peterson Company.

The first contract, dated July 2, 1965, is a sales agreement for the purchase by appellants from H. L. Peterson Company of a silo called a "Harvestore", with named appurtenances, the consideration being $25,915.

The second contract is a lease agreement covering the same property, dated the same day, July 2, 1965, with H. L. Peterson Company as lessor and appellants as lessees for a term of 96 months, the consideration being $36,280.32 payable $377.92 per month.

In their petition appellants allege that the second contract, the lease contract, was executed and delivered in blank and was filled out subsequent to appellants' signing thereof. Appellants further allege that after discovering (on receipt of the filled out lease agreement) that the total consideration was to be $36,280.32 instead of the $25,915 shown in the sales contract they stopped payment on their remittances. They plead that they then informed appellees they did not desire to purchase the silo, requested appellees to remove portions of the equipment and the silo theretofore delivered and offered to restore to appellees all consideration, if any, received by appellants.

Appellees in an affidavit say that they told appellants they could elect either to purchase the silo or lease it, but that if they chose to lease it over a long term the consideration would be substantially greater than if they purchased it.

Soon after the filing of appellants' suit General Electric Credit Corporation filed its petition in intervention, alleging that it was the assignee of a lease contract between appellants and H. L. Peterson Company dated October 4, 1965. This agreement, the third contract signed by appellants, was substantially like the earlier lease agreement. It too covered a term of 96 months for a consideration of $36,280.32 payable in monthly installments of $377.92 beginning November 1, 1965. The property description is the same as that in the other lease contract. This contract was assigned to the intervenor on October 5, 1965, the next day after its execution.

Intervenor alleged that appellants made the payments due November 1, 1965 and December 1, 1965, but defaulted in payments thereafter. Intervenor then declared the full amount due and sued for debt and foreclosure.

Intervenor also alleged that if appellants executed and delivered a lease contract in blank on July 2, 1965 that lease contract was subsequently rescinded, cancelled and destroyed with the mutual consent and agreement of appellants and appellees prior to the execution and delivery of the lease agreement of October 4, 1965, on which intervenor is suing.

Appellants do not mention the third contract anywhere in their pleadings—either in their Original Petition, filed January 21, 1966, or in a Supplemental Petition, filed November 9, 1966. Yet it is evident and undenied as shown by the affidavits, including an affidavit by Mrs. Griffin, that appellants did sign the third contract, the lease agreement dated October 4, 1965. And it is also evident and undenied that it

was intended by the parties that said lease contract of October 4, 1965 should supersede, and in truth did supersede, the two earlier contracts of July 2, 1965.

Appellees and intervenor filed motions for summary judgments. Appellants filed no answers to the motions for summary judgment.

However, after the filing of the motions, but before the motions had been acted on, appellants filed a Supplemental Petition. In this pleading they prayed for judgment against appellees by way of offset of $36,-280.32 against any judgment recovered by appellees against them. As grounds appellants in general terms alleged fraudulent representations and, for the first time, breach of warranty. Appellees filed an answer to the Supplemental Petition, the answer consisting of special exceptions and a general denial.

The motion for summary judgment of the intervenor General Electric Credit Corporation was sustained and an interlocutory judgment rendered in favor of intervenor for $35,146.46 plus interest at the rate of 10% per annum from March 1, 1966. The motion of H. L. Peterson Company and its salesman, Hunt, was overruled. The reason given by the court for overruling the latter motion was that the affidavits supporting the motion did not cover the allegations in appellants' supplemental pleading as to breach of warranty.

H. L. Peterson Company and Hunt then filed a second motion for summary judgment and in their supporting affidavits they sought to negative appellants' pleading of fraudulent misrepresentations and breach of warranty.

Appellants filed an answer to the second motion for summary judgment, which answer is supported by an affidavit executed by Mrs. Griffin.

The court sustained appellees' second motion. Judgment was then rendered making final the interlocutory judgment in favor of General Electric Credit Corporation and decreeing that appellants take nothing in their suit against H. L. Peterson Company and J. Dowell Hunt, Jr.

Appellants are making only a limited appeal. Rule 353(c), Vernon's Texas Rules of Civil Procedure. They are not appealing from the summary judgment in favor of the intervenor, General Electric Credit Corporation. They attack only the judgment in favor of H. L. Peterson Company and Hunt.

## OPINION

We agree with appellees' contention that since the judgment in favor of General Electric Credit Corporation, the holder of the contract here involved, has been allowed to become final, appellants' original suit for cancellation has been abandoned. Only appellants' Supplemental Petition asking for the first time for judgment against appellees by way of offset, is before us for consideration. Since appellees in their answer do not seek a money judgment against appellants it is difficult to see how a money judgment by way of offset can be rendered in favor of appellants.

The substance of appellants' one point on appeal is that there are fact questions raised by the evidence as to (1) false representations, and (2) breach of warranty; and further they claim that even if their pleadings be insufficient in their present state to support a judgment in their favor, it was error to grant the summary judgment since they could cure such insufficiencies by amending their pleadings to allege fraud, accident or mistake.

In her affidavit Mrs. Griffin says that Hunt, the salesman, represented to her that the installation of the silo "would make my dairy operation more successful and more profitable"; that the savings resulting from the use of the silo would pay for it over the time covered by the contract; that "the feeding of silage to dairy cattle would lead to greater milk production"; and other like representations.

■ The above representations do not constitute fraud or misrepresentation. They are merely opinions or prophesies as to future or contingent events. They are not misrepresentations as to material existing facts. Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989 (1947); Continental Transfer & Storage Co. v. Midcity Realty Co., 348 S.W.2d 56, 61 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.); Frankfurt v. Wilson, 353 S.W.2d 490 (Tex.Civ.App., Dallas 1961, no writ); 25 Tex.Jur.2d 679, 689; 50 Tex.Jur.2d 425.

■ There is no merit in appellants' claim of breach of warranty. It is undisputed that on October 4, 1965 appellants and appellees met in the office of appellants' attorney (not their present attorney) in an effort to iron out their differences concerning the silo. It was on this occasion that the third contract, the lease agreement of October 4, 1965, was signed by the parties. Appellants' signatures were acknowledged before a notary public. Their own attorney acted as notary.

The lease agreement of October 4, 1965, contains these provisions:

*"Lessor and the manufacturer of the Equipment make no warranty express or implied in connection with this lease or the Equipment except that the manufacturer of the Equipment warrants the Equipment in accordance with its standard warranty thereof. \* \* \* This lease and any addendum thereto attached and signed by the parties constitutes the entire agreement of the parties with respect to the subject matter hereof."* (Emphasis ours.)

There was no addendum attached to the lease.

Thus the express terms of the written instrument make it clear that appellees made no warranty at all, express or implied. The terms of the manufacturer's standard warranty are not important here, for it is stated to be the warranty of man-

ufacturer only, and the manufacturer is not a party to this suit and appellants do not claim breach of the manufacturer's warranty. Moreover there is nowhere in the lease a statement defining or explaining the manufacturer's warranty, so we are at a loss to know what warranties are included in it.

■ Mrs. Griffin was in her own lawyer's office, discussing matters at arms length with the other parties. She had her own lawyer present to advise her. She either did read or should have read the above quoted provisions of the lease. Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex.Sup.1963); Courseview, Inc. v. Phillips Petroleum Co., 158 Tex. 397, 312 S.W. 2d 197, 204–205 (1958); Indemnity Ins. Co. of North America v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553 (1937). Under the circumstances appellants' verbal evidence of warranties by appellees is violative of the parol evidence rule.

■ In her affidavit Mrs. Griffin says that it was not necessary at the meeting on October 4, 1965 to discuss warranties for she already had letters from appellees containing warranties. We cannot consider the alleged letters for three reasons: (1) The letters were not attached to her affidavit as exhibits as required by Rule 166–A(e), T.R.C.P. State v. Easley, 404 S.W.2d 296 (Tex.Sup.1966); Gardner v. Martin et al, 162 Tex. 156, 345 S.W.2d 274 (1961); Langdeau v. Dick, 356 S.W.2d 945, 957 (Tex.Civ.App., Austin 1962, writ ref'd n. r. e.). (2) The lease contract of October 4, 1965 as shown by the quoted provisions, expressly provides that the written contract constitutes the entire agreement and also excludes warranties by appellees, consequently the contents of letters previously written to Mrs. Griffin cannot be looked to to ascertain the terms of the contract later entered into. And (3) Mrs. Griffin's statements as to the contents of the alleged letters would not be admissible in evidence over objection that the letters themselves would be the best ev-

idence of their own contents. Rule 166–A(e), T.R.C.P.

Appellants contend that appellees were not entitled to judgment because appellants' pleadings could have been amended to make admissible oral or extrinsic representations or warranties based on grounds of fraud, accident or mistake. In support of this contention appellants quote the holding of our Supreme Court in Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233, 237 (1956). We do not agree with appellants for the following reasons.

1. In *Womack* the Supreme Court said, "* * * *when the depositions, admissions, or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable* under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law." (Emphasis ours.) We certainly do not disagree with the holding in *Womack*, but it is not applicable here. There are no depositions or admissions in the record before us. And the affidavit of Mrs. Griffin, the only affidavit offered in behalf of appellants, does not make the position of appellees insupportable even if appellants' pleadings were amended.

2. As we have pointed out, the alleged misrepresentations of appellees do not constitute actionable fraud. There is no evidence of accident. And if there was any mistake in the execution of the lease contract it was unilateral mistake on the part of appellants, which will not support a judgment in favor of appellants. Therefore it would be useless for appellants to have amended their pleadings so as to incorporate allegations of fraud, accident or mistake.

3. There is nothing in the record to indicate that appellants desired to amend their pleadings, or were denied an opportunity to do so. The first time the question is raised in this record is in appellants' brief on appeal.

Appellants point out that appellees excepted to appellants' Supplemental Petition and say it was error to grant a summary judgment before acting on the exceptions. Appellants cite the opinion of this court in Wilson v. Mitchell, 299 S.W.2d 406, 408, par. 4 (Tex.Civ.App., Dallas 1957), written by this author. If our language in the Wilson case be interpreted to mean that it is always reversible error to render summary judgment before exceptions to pleadings are acted on, then we say now we were mistaken in so holding. Swinford v. Allied Finance Co. of Casa View, 424 S.W.2d 298, 301 (Tex.Civ.App., Dallas 1968); Cook v. Jaynes, 366 S.W.2d 646 (Tex.Civ.App., Dallas 1963, no writ).

Appellants' point on appeal is overruled. The judgment of the trial court is affirmed.