**Jewel MANESS et al., Appellants,**

v.

**Everett REESE et al., Appellees.**

**No. 7280.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 19, 1972.

Rehearing by Everett Reese, Frances Maness and Jewel Maness Denied Nov. 22, 1972.

Rehearing by Walter Juncker and Don Pace Granted Nov. 22, 1972.

Second Rehearing by Everett Reese, Frances Maness and Jewel Maness Denied Dec. 28, 1972.

John Tucker, Orgain, Bell & Tucker, Beaumont, for Jewel Maness and Frances Maness.

Gilbert Adams, Adams & Browne, Beaumont, for Everett Reese.

George Weller, Weller, Wheelus, Green & Brocato, Beaumont, for Walter Juncker and Don Pace.

DIES, Chief Justice.

For some years, Jewel Maness and his wife were the principal stockholders in Gulf Stores, Inc., a group of retail stores operating in the Gulf Coast area, primarily engaged in the household appliance business. Sometime in 1963 or early 1964, they determined to sell their interest, which meant a change in the active management of the company. After negotiations, on April 4, 1964, this interest was transferred to Everett Reese, who for awhile assumed active management but later designated others to act in his stead.

The purchase was consummated by the payment of cash by Reese and transfer of other property by Reese to Maness plus the redemption by the corporation of the capital stock from Maness for $200,000.

Sometime later, the business failed and Reese sued Maness, Juncker, and Pace because of alleged fraudulent misrepresentations concerning the business. Juncker and Pace were accountants for Gulf Stores, Inc., and participated in some of the negotiations and discussions leading up to the sale on April 4, 1964.

The parties in this opinion will be referred to as below.

The case was submitted to a jury in 196 special issues. For the purpose of this appeal, only some of them need be discussed.

The jury found that defendant Maness represented "as a fact and not as an opinion to Everett Reese, prior to the closing of this purchase and sale, that the withdrawal of the $200,000.00 to be used in re-deeming Maness' stock would not impair the operations of the business of Gulf Stores, Inc." It also found that this was false, known by defendant Maness, a material representation, believed by plaintiff Reese, and relied on by him. The jury also found that defendant Maness represented as a fact and not as an opinion to plaintiff that the stock of Gulf Stores, Inc., could be redeemed by taking $200,000 cash and $41,385 in property and there would be reasonably sufficient funds remaining in the business to meet its normal and expected cash requirements without the addition of outside capital during the months of March, April and May of 1964; that this was false; known by defendant Maness to be false; was a material representation, but not believed to be true by plaintiff Reese or relied on by him.

The jury found that defendant Juncker did not represent as a fact that the withdrawal of the $200,000 to be used in redeeming Maness' stock would impair the operations of the business of Gulf Stores, Inc., nor did he represent that this withdrawal would impair the capital structure of the business. It also found defendant Juncker did not represent that after withdrawal of the cash and property there would be reasonably sufficient funds remaining in the business to meet its normal and expected cash requirements without the addition of outside capital during the months of March, April and May of 1964, nor would it impair the capital structure of the business.

As to defendant Pace, the jury found that he represented that the withdrawal of the $200,000 would not impair the operations of the business, that this was false, but unknown by Pace. They also found that defendant Pace represented that the withdrawal of the $200,000 would not impair the capital structure, that this was false, but unknown by Pace. Also, it found that Pace represented that after the withdrawal, there would be reasonably sufficient funds remaining to meet the normal and expected cash requirements without

the addition of outside capital during the months of March, April and May of 1964, that this was false, but unknown to Pace. That Pace represented that the stock could be redeemed by taking out the cash and property without impairing the capital structure of the business, which was false, but unknown by Pace.

The jury failed to find that defendant Maness' statement first noted in this opinion was an expression of opinion. The jury failed to find that on April 2, 1964, plaintiff Reese knew there was not sufficient funds to operate the business during the months of March, April and May of 1964. They also found that plaintiff Reese completed the purchase of the Maness stock because of the threat of a civil lawsuit by Maness and that but for this threat, plaintiff Reese would not have completed the purchase. The jury found that the stock purchased by plaintiff Reese had value of $155,743.74 and awarded exemplary damages against defendant Maness of $175,000.

The court entered judgment in plaintiff Reese's favor against defendant Maness for $144,256.26 (purchase price of $300,000 less $155,743.74); interest of $58,405.05 from April 4, 1964 to January 8, 1971; interest of $742.40 from January 8, 1971 (trial date) to February 9, 1971 (judgment date); ordered a remittitur of exemplary damages in the amount of $135,000; ordered that plaintiff Reese take nothing of and from defendants Juncker and Pace; that recovery from Maness exclude his wife; and that no writ of execution issue until all appeals are fully adjudicated.

From this judgment defendant Maness has perfected his appeal. Plaintiff Reese likewise appeals from the judgment discharging defendants Juncker and Pace and Maness' wife.

Vernon's Tex.Codes Ann., Bus. & C., § 27.01, Fraud, defines fraud, in part, as follows:

"(a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

"(1) false representation of a past or existing material fact, when the false representation is

"(A) made to a person for the purpose of inducing that person to enter into a contract; and

"(B) relied on by that person in entering into that contract; or

"(2) false promise to do an act, when the false promise is

"(A) material;

"(B) made with the intention of not fulfilling it;

"(C) made to a person for the purpose of inducing that person to enter into a contract; and

"(D) relied on by that person in entering into that contract."

See 25 Tex.Jur.2d, Fraud and Deceit, p. 613, et seq.

■ Maness has points of error that the trial court erred in submitting the series of issues in reference to the impairment of the operation of the business by the withdrawal of $200,000 on the ground that such issues submitted a non-actionable expression of opinion dependent upon the future operation of the business, and not a past or existing material fact. These points of error are sustained.

■ The generally accepted rule is that future predictions and opinions do not serve as a basis for actionable fraud. In Griffin v. H. L. Peterson Company, 427 S.W.2d 140, 144 (Tex.Civ.App., Dallas, 1968, no writ), the court held that predictions of the value of a silo in a dairy operation were mere "opinions or prophecies as to future or contingent events. They are not misrepresentations as to material

existing facts." See also Dyer v. Caldcleugh & Powers, 392 S.W.2d 523 (Tex. Civ.App., Corpus Christi, 1965, error ref. n. r. e.), discussing commissions and future business earnings; National Newspaper Enterprises v. Chitwood, 68 S.W.2d 264 (Tex.Civ.App., Dallas, 1934, dism.); and Starnes v. Motsinger, 278 S.W. 496 (Tex. Civ.App., El Paso, 1926, no writ).

In Lloyd v. Junkin, 75 S.W.2d 712, 714 (Tex.Civ.App., Dallas, 1934, no writ), these representations were found by the jury to have been made by plaintiff: (a) The experience of Nu-Enamel Paint Company had demonstrated that sales at retail prices averaged at least two quarts per day per rack. (b) In a territory such as plaintiff's, its (Nu-Enamel's) district agents realized a profit in excess of $300 per month on ten racks of products. (c) The merchandise such as being sold plaintiff was being resold at prices exceeding that which he was then paying. The court said, "In order to sustain an action based on false representations, the evidence must show that the alleged representations were representations of fact, and not merely expressions of opinion. Opinion cannot constitute fraud." See also 25 Tex.Jur.2d, Fraud and Deceit, § 42, p. 679 (1961) and authorities cited.

In Moore & Moore Drilling Company v. White, 345 S.W.2d 550, 555 (Tex.Civ.App., Dallas, 1961, error ref. n. r. e.), it is said:

"Actionable fraud has certain fundamental characteristics; (1) there must be a misrepresentation as to material facts, either positive untrue statements, or concealment or failure to disclose facts within the knowledge of the parties sought to be charged, and as to which the law imposed upon such party a duty to disclose; (2) the complaining party must be shown to have relied upon the alleged misrepresentation to his damages; and (3) the complaining party must, himself, not have failed to exercise reasonable care to protect himself—in other words, in a 'caveat emptor' situa-

tion he must not have shut his eyes and ears to matters equally open and available to him upon reasonable inquiry and investigation."

See also Tips v. Barneburg, 276 S.W. 932 (Tex.Civ.App., San Antonio, 1925, dism.); Franklin Life Insurance Company v. Faggard, 296 S.W.2d 335 (Tex.Civ.App., San Antonio, 1956, error ref. n. r. e.); and 37 C.J.S. Fraud § 54 at p. 320 (1943).

The issue on which judgment was granted against Maness—whether the withdrawal of $200,000 from the business to purchase the treasury stock would impair the operations of the business—certainly entailed business acumen, judgment and opinion based on many factors, some incapable of knowledge at the time this transfer was effected. This was a question which plaintiff Reese must satisfy himself about. Nor is it clear from the record that this alone was responsible for the failure of the business. In fact, the record discloses that this reason can only be the result of one's opinion. Such representations calling for opinion and judgment cannot, under the facts of this case, be the basis for actionable fraud.

What we have said concerning the submission of defendant Maness' alleged misrepresentations applies to defendants Juncker and Pace, for this same theory was followed with them.

■ There is, however, evidence in the record that all three defendants told plaintiff Reese that after withdrawal of the $200,000, there would still be a certain amount left. (Plaintiff testified at one point he was told by defendants that after withdrawal, there would still be $200,000 to $250,000 remaining.) We think this would be proper inquiry for the jury.

■ Maness has a point of error that the trial court should have granted his motion for instructed verdict because the undisputed evidence established that Reese and his attorney concluded the transaction with knowledge of all material facts and

thereby waived the misrepresentations relied upon. While it is true that plaintiff Reese made some inquiry at First Security Bank of Beaumont where the main account of the corporation was kept, there is evidence that the company had other income and funds from a "pipeline" (finance participation, advertising rebates) and it is undisputed that the company had bank accounts in each of the cities where it did business. The point is overruled.

■ There remains one other question to be disposed of, the discharge of defendant Maness' wife. This was error. This is an action grounded upon fraud and the law of this state is clear that community property is subject to tortious liability of either spouse incurred during marriage. See Section 5.61(d), Family Code. The rule was the same under old Art. 4620, V.A.C.S. Turner v. Turner, 385 S.W.2d 230, 232 (Tex.1965); 12 A.L.R. 1459, 1477 (1921); 10 A.L.R.2d 988 (1950); and 17 Baylor Law Review 177 (1965).

This brings us to questions as to what judgment should be entered by this court. We have found reversible error on the part of the trial court affecting all of the original parties. Our problem is whether to render judgment for the defendants or to order a remand of the cause to the trial court in the interest of justice. The rule and the exception are set out with clarity in Texas Sling Company v. Emanuel, 431 S.W.2d 538, 541 (Tex.1968), as follows:

> "Ordinarily, when we hold that a jury's findings relied upon to support a judgment lack support in the evidence as a matter of law, we render judgment rather than remand the case. However, this rule is not invariably applied. Both this court and the Courts of Civil Appeals 'have a wide discretion in determining whether or not a case should be remanded for new trial on reversal.' Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369 (1943); Scott v. Liebman, 404 S.W.2d 288 (Tex. Sup.1966)."

See also Southwestern Mot. Tr. Co. v. Valley Weathermakers, 427 S.W.2d 597, 605 (Tex.1968) and Sovereign Camp, W. O. W. v. Patton, 117 Tex. 1, 295 S.W. 913, 915 (1927).

Having carefully reviewed this record, we are of the opinion that the cause should be remanded for a new trial in the interest of justice. It is so ordered.

Reversed and remanded.

## ON REHEARING

### PER CURIAM.

All parties to this appeal have filed motions for rehearing and the court is divided as to some of the motions. Consequently, we will dispose of each of the motions separately.

1. The motion of appellee, Everett Reese, is overruled, all concurring.

2. The motion of appellee, Frances Maness, is overruled, Associate Justice Keith dissenting.

3. The motion of appellant, Jewel Maness, is overrruled, Associate Justice Keith dissenting.

4. The motion of appellees, Juncker and Pace, is granted and the judgment of the trial court is in all things affirmed for the reasons hereinafter stated. Chief Justice Dies notes his dissent.

There were no jury findings of actionable fraud against either Juncker or Pace and the trial court entered judgment in their favor that the plaintiff take nothing as to these defendants. Reese filed crosspoints upon appeal, but we did not sustain any of such points. Instead, we entered a general remand as to all parties.

■ The authorities are unanimous that an errorless judgment may not be reversed in the interest of justice so as to permit the losing party to have another trial. City of Houston v. Blackbird, 394 S.W.2d

159, 165 (Tex.1965); Barnum v. Lopez, 471 S.W.2d 567, 568 (Tex.1971); and Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 535 (1948).

There is no suggestion in this record that the case was not fully developed by capable counsel representing the parties over an extended trial. Not having found error in Reese's points, there is no valid reason to remand the case as to Juncker and Pace. Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 49, 150 A.L.R. 1369 (1943) and Missouri Pacific R. Co. v. Whittenburg & Alston, 424 S.W.2d 427, 430 (Tex.1968).

The motions for rehearing filed by Juncker and Pace are in all things granted and our prior judgment as to said defendants is set aside, and the judgment of the trial court that Reese take nothing against Juncker and Pace is in all things affirmed.

KEITH, Justice (dissenting on rehearing).

As indicated in the PER CURIAM opinion on rehearing, I join with the majority in overruling the motions for rehearing filed by the appellee, Everett Reese, and in granting the motion for rehearing filed by the appellees, Walter Juncker and Don Pace. I dissent only as to the action of the majority in ruling on the motions of Jewel Maness, appellant, and Frances Maness, an appellee.

I joined in the opinion reversing the judgment of the trial court and concur with the majority that the jury findings in favor of the plaintiff below (special issues nos. one through six as modified by no. ninety-one), amounted in law only to findings of nonactionable negligence and not to actionable misrepresentations of past or existing facts. I do not recede from this holding and concur in the reversal of the trial court's judgment.

I will treat separately the reasons for my disagreement with the majority as to the motions of Jewel Maness and Frances Maness.

*Jewel Maness Motion*

In essence, the point of Maness, which was sustained on original submission, was a law point.[1] In such event, it is the normal practice of this court to render judgment. Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Tex.Law Rev. 361, 366 (1960); Rule 434; Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 49, 150 A.L.R. 1369 (1943); Scott v. Liebman, 404 S.W.2d 288, 294 (Tex.1966); and Texas Sling Company v. Emanuel, 431 S.W.2d 538, 541 (Tex.1968). See also National Life and Accident Insurance Co. v. Blagg, 438 S.W.2d 905 (Tex. 1969); Owen v. Brown, 447 S.W.2d 883 (Tex.1969); and City of Fort Worth v. Pippen, 439 S.W.2d 660 (Tex.1969).

Usually a case is remanded in the interest of justice when there has been a change in the basic law between the trial and the final opinion (e. g., Scott v. Liebman, supra), or the case has not been fully developed because tried upon the wrong theory. Southwestern Mot. Tr. Co. v. Valley Weathermakers, 427 S.W.2d 597, 605 (Tex.1968). See also Sovereign Camp, W. O. W. v. Patton, 117 Tex. 1, 295 S.W. 913, 915 (1927).

We have reviewed the record of an extremely lengthy trial which consumed literally weeks of the trial court's time and attention and no party to this appeal has suggested that the case was not fully de-

---

1. Although the specific point is not mentioned, Maness' point four is a likely basis for the holding. It reads:
    "The court erred in overruling Defendant's motion for instructed verdict, there being no evidence that the Defendant Maness made any representations of fact, but on the contrary, under all of the evidence any representations of Maness with respect to the effect of the withdrawal of $200,000 for stock redemption amounted to a nonactionable expression of opinion."

veloped by competent counsel representing the parties. *Pippen,* supra, is clearly in point and should rule our disposition of the cause. (439 S.W.2d at p. 667)

I agree with Chief Justice Dies that the evidence would have warranted the trial court in submitting issues upon the so-called "pipeline" theory of available funds. But, this was an independent ground of recovery and no contention is made that such fact was conclusively established by the evidence. At most, it presented a fact issue for determination by the jury. Under Rule 279, this independent ground of recovery was waived by the failure of plaintiff to request the submission of an issue presenting such to the jury for determination. Glenn Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex.1965).

We are cautioned by Chief Justice Calvert in the law review article previously cited that we "should not remand for the sole purpose of affording the appellee 'another bite at the apple'." (38 Tex.Law Rev. at 369)

There is yet another facet of the case, not mentioned in the original opinion, which gives me concern in view of the general remand which has been ordered—the series of findings that Reese completed the purchase of the Maness stock because of the threat of a civil lawsuit by Maness against Reese.[2] Plaintiff moved for judgment on the verdict and such motion was granted after overruling defendants' motion for judgment on the verdict and for judgment non obstante veredicto.

In Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944, 947 (1942), the court quoted from 17 Amer.Jur. 892: "'It is never duress to threaten to do that which a party has a legal right to do, * * *.'" Stated somewhat differently, the court in Dale v.

Simon, 267 S.W. 467, 470 (Tex.Comm. App.1924, jdgmt adopted), said, "There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do." Reese, according to his testimony and the finding of the jury, entered into his ill-fated contract because of the threat of a lawsuit by Maness. This reason for completing the deal, according to Reese, is inconsistent with his theory of actionable fraud, and could not, in law, afford him grounds for recovery. See Eggleston v. Humble Pipe Line Company, 482 S.W.2d 909, 916 (Tex.Civ.App., Houston—14th, 1972, application for writ pending).

If Reese would not have completed the transaction "but for the threat of a lawsuit," obviously, he did not do so in reliance upon Maness' alleged misrepresentation of material facts. It is clear that there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, in such instance, neither will be permitted to stand. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 455 (1944).

At first blush, it appears that there is a conflict between this finding and with those upon which Maness' liability was based in the trial court's judgment. But, as was said by Chief Justice Calvert in Bay Petroleum Corporation v. Crumpler, 372 S.W.2d 318, 319 (Tex.1963), "[T]he ultimate question is not whether the findings are inconsistent or in conflict, or even in irreconcilable conflict; rather, the ultimate question is whether the conflict in the findings is fatal to the entry of judgment, and that question is to be answered under the rule laid down in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985."

---

2. This series of issues, Nos. 147–149, inclusive, were all answered in the affirmative: Reese completed the purchase "because of the threat of a civil lawsuit by Maness against Reese"; "Maness threatened to file a lawsuit against Everett Reese [before] the closing of the stock purchase on April 3, 1964"; that "but for the threat of a lawsuit by Maness against Reese on or prior to the date of closing the purchase . . . Reese would not have completed said purchase."

We have held, and I concur with the holding, that the issues (nos. one through six) did not submit actionable fraud; consequently, Reese is in substantially the same position as was Crumpler in the cited case—he has no finding upon which his judgment may rest. There being no finding of actionable fraud, there is no conflict between plaintiff's series and those finding that Reese completed the deal because of the threat of a lawsuit. Thus, defendants' findings were sufficient to warrant judgment; and the trial court erred in entering judgment for Reese against Maness *upon the verdict. Crumpler,* supra, at 320.

I see no alternative, under the holdings cited herein, to a rendition of the judgment in favor of appellant Maness and an affirmation of the judgment as to the appellees, Juncker and Pace. To do otherwise would, in fact and in law, give to Reese "another 'bite at the apple,' " not necessarily in the interest of justice but because we may have discretion so to do. Cf., Jackson v. Ewton, 411 S.W.2d 715, 719 (Tex.1967).

I would sustain Maness' first three grounds as set forth in his motion for rehearing and would render judgment in favor of Maness and against the plaintiff. I respectfully dissent from an order which overrules these three grounds.

*Frances Maness Motion*

It appears clear from our record that Frances Maness received a substantial, but undisclosed, amount of community property in a divorce action. But, there is no suggestion in our record that she actually participated in, aided or abetted Jewel Maness in any of the acts or representations leading up to this controversy. It is clear that the community estate of Jewel and Frances Maness would be liable for the torts of either spouse; but the wife is not liable individually for Jewel's torts which were unaided and unabetted by her. Turner v. Turner, 385 S.W.2d 230, 232 (Tex.1964).

Since I would grant Jewel's motion for rehearing, it follows that I would grant that of Frances, and, as to her, would affirm the judgment of the trial court.