## LAYBOURNE v. BRAY & SHIFFLETT.
### (No. 1075.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1916. On Motion for Rehearing, Jan. 10, 1917.)

1. ATTORNEY AND CLIENT ⪆123(1)—FIDELITY.

Generally, an attorney must act towards his client with the most scrupulous good faith and fidelity, and must make known to the latter the exact status, so far as he is able, of the matter concerning which he is employed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 239, 245, 248, 249; Dec. Dig. ⪆123(1).]

⪆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. ATTORNEY AND CLIENT ☞143—OPINIONS.**

Ordinarily, expressions of opinions by attorneys as to probability of judgment secured by them being reversed on appeal, even if mistaken, are not such false representations as will entitle the client to avoid for fraud a contract based thereon.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 328–331; Dec. Dig. ☞143.]

**3. ATTORNEY AND CLIENT ☞166(1)—ACTION FOR COMPENSATION—EVIDENCE.**

Evidence is admissible upon the issue of good faith of the attorney in action on such contract.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 368; Dec. Dig. ☞166(1).]

**4. ATTORNEY AND CLIENT ☞166(1)—AGREEMENT FOR INCREASED COMPENSATION.**

A contract between attorney and client for increased compensation, made after the relation of attorney and client has commenced, is presumptively without consideration and void, where no additional services by the attorney are contemplated.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 368; Dec. Dig. ☞166(1).]

**5. ATTORNEY AND CLIENT ☞166(1)—AGREEMENT FOR INCREASED COMPENSATION.**

Where a new contract between attorney and client is made for increased compensation after the relation has commenced, the burden is upon the attorney to show that the new contract was fairly made, was reasonable, and that no advantage was taken by reason of the confidential relation existing, and that his client had full knowledge of the facts.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 368; Dec. Dig. ☞166(1).]

**6. ATTORNEY AND CLIENT ☞167(2)—ACTION FOR COMPENSATION—QUESTION FOR JURY.**

In an action on contract for additional compensation made after services had been commenced, the evidence being conflicting as to good faith of the attorneys, such issue was for the jury.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 374; Dec. Dig. ☞167(2).]

**7. ATTORNEY AND CLIENT ☞113—ACTING FOR OPPOSING PARTY.**

The rule prohibiting an attorney once retained from acting for the opposing party applies only in the case of conflicting interest, in the absence of a contract.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 229; Dec. Dig. ☞113.]

**8. ATTORNEY AND CLIENT ☞167(2)—ACTION —EMPLOYMENT BY ADVERSE PARTY—QUESTION FOR JURY.**

In an attorney's action for compensation, where defendant alleged a contract that the attorney would not be employed by the opposing party during the litigation, and there was evidence to support the allegation and to show breach thereof, the issue raised thereby should have been submitted to the jury.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 374; Dec. Dig. ☞167(2).]

On Motion for Rehearing.

**9. ATTORNEY AND CLIENT ☞167(2)—ACTION —QUESTION FOR JURY.**

In an action by attorney for services upon quantum meruit, the evidence being conflicting, plaintiff's right to recover is for the jury.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 374; Dec. Dig. ☞167(2).]

Appeal from District Court, Wheeler County; Frank Willis, Judge.

Action by Bray & Shifflett against W. A. Laybourne. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

Crudgington & Works, of Amarillo, and Hill & Clark, of Shamrock, for appellant. Kimbrough, Underwood & Jackson, of Amarillo, for appellees.

HALL, J. Appellees, a firm of lawyers, filed their original petition in the district court of Wheeler county, September 9, 1915, seeking to recover of appellant $1,117.50, and interest, as attorney's fees for services rendered appellant by them in certain litigation between Spaulding Manufacturing Company and appellant. It is alleged, in substance, that on September 30, 1912, appellant executed a written contract, in which he agreed to pay appellees $1,000 for their services as attorneys in representing him in said litigation with the Spaulding Manufacturing Company, of Grinnell, Iowa; that $500 of this amount was paid by note, and the remaining $500 was to be paid upon the expiration of the statutory period allowed for appeal from the judgment entered in said Iowa cause shortly prior to the date of said contract; that said contract also provided for the payment of $100 additional for services by appellees in the Supreme Court of Iowa, in the event the said Spaulding case was appealed to said court, and for an additional $200 if said cause should be again tried in the court below; that said $1,000 was due for services already rendered at the time of said contract; that said Spaulding case was appealed, and said $100 for services in the appellate court had accrued, besides interest on said note, making said total sum; that in 1909 appellant made a written contract of employment with the Spaulding Manufacturing Company, of Grinnell, Iowa, under which he rendered services to said company as superintendent of its business of selling and trading buggies in the state of Texas; that, upon the termination of his employment, defendant claimed said company was due him the sum of $4,124.13, which amount he had retained in his settlement with said company; that said company denied his right to retain said sum, and appellees were employed by appellant to represent him in litigating said controversy. In said action appellant claimed an additional amount due him from said company. In this suit appellees set up the contract and notes, upon which the original petition was founded, alleged compliance upon their part, and a total failure on the part of appellant to pay either of said notes.

Appellant alleged: That in 1909, having a controversy with said Spaulding Manufacturing Company, and desiring attorneys who would be perfectly free from any influence and obligations, both directly and indirectly,

of a business or other nature to said company, and being assured by said Bray and his firm that they were in no wise connected with, employed by, or under obligations of a business nature or otherwise to, said Spaulding Manufacturing Company, and, upon the faith of said assurance, employed said Bray and his firm to represent him in said matter. That said Spaulding Company was an old, wealthy concern, of extensive business influence in Grinnell. That by said original employment said Bray and his partner were to receive one-third of whatever amount should be recovered from and above $2,000. That, during the preliminary development of said litigation, said attorneys became dissatisfied with their contingent fee arrangement, and appellant guaranteed them that they should not lose anything on account of said contract, whereupon in about May, 1912, they charged him on their books with $500 as attorney's fees, and after said Iowa case had been tried, on September 30, 1912, they charged him again with $500. That by said original contingent fee arrangement said attorneys would only have been entitled to about $800, provided the judgment rendered in defendant's favor on September 28, 1912, had been affirmed by the higher court, but that said judgment was in fact afterwards reversed. That appellant was induced by the fraudulent representations and conduct of said Bray to employ him as his attorney to continue said employment and to enter into the contracts of March 13, 1909, and September 30, 1912, and to execute the notes mentioned in plaintiff's pleadings, in this: That he employed said Bray upon the agreement that he was free and should remain free from the influence of said Spaulding Manufacturing Company during the continuance of said litigation, but said Bray accepted employment to represent said company immediately after the trial of appellant's said cause in the lower court, and while an appeal was pending, although said Bray held out to appellant that he would not accept such employment. That; about the time said cause went to trial, appellant, under said Bray's advice, permitted an offer in open court to confess judgment for $1,500 and costs, notwithstanding the fact that the jury a little later returned a verdict in appellant's favor for $295.87. That the contract of September 30, 1912, was executed immediately after the return of said verdict, said Bray taking advantage of the condition of appellant's mind produced by such apparently splendid results, in the face of said offer to confess judgment for $1,500, and induced appellant to enter into said contract for the payment of a greater fee than would have been due on said original contract, even on affirmance of said judgment; said Bray misleading appellant by representing that said offer to confess judgment for $1,500 would have been a good settlement. That appellant was ignorant of the law relating to the facts of his case and

depended on said Bray, who claimed special knowledge of the law and of the legal effect of the facts in said cause. That said contract of September 30th was so entered into upon the definite and positive assurance of said Bray that said judgment would be affirmed and upheld in the higher courts, and defendant wholly protected thereunder, not only in the amount of $4,124.13, which had been sustained by the jury as a credit in defendant's favor against said company in said suit, but also in said sum of $295.87, and interest so recovered over against them; said Bray stating and claiming to defendant that there was nothing in the record of said cause on appeal to cause a reversal, intending thereby to defraud defendant. That said cause was reversed by the Supreme Court of Iowa, February 23, 1914. That appellant has reason to believe that said attorneys have been under the business influence of said company since immediately after the date of said last contract. That he since has been informed and believes that the bringing of this suit in Iowa, instead of in Texas, where said company had property and said offer to confess judgment, was not to appellant's best interest, and that his interests have not been protected in good faith in said matters. He is further informed and believes that appellees did not in good faith and correctly advise him as to the probabilities of said cause being reversed, but they took advantage of his ignorance of the real condition of said cause to secure a larger fee; that if appellant had known of appellees' lack of good faith and the influence of said company over them, he would not have executed said last contract or retained them as his attorneys; that said contingent fee was abrogated by said fixed charges of $500 in May, 1911, and $500 in September, 1912, and the same is barred by two years' limitation; that, on account of the reversal of said judgment, appellant was compelled to employ another attorney to prepare for second trial of said cause and incurred expenses and attorney's fees to the extent of about $750, besides the loss of said judgment, his cross-action against said company being dismissed by appellees without his consent.

In their supplemental petition, appellees set up the written contract entered into between them and appellant on March 13, 1909, alleging that Laybourne was claiming the sum of $5,389.20 of the Spaulding Manufacturing Company, by virtue of his contract with and services rendered said company, and employed appellees to render him such legal services as were necessary in the collection and settlement of said claim, and appellant would pay appellees a sum equal to one-third of the amount collected over $2,000, either by litigation or settlement out of court; that said contract also bound appellant to advance such sums as were necessary to pay court costs, etc.; that, by reason of the services rendered to appellant

by appellees, appellant was permitted to retain the sum of $4,334.29, with interest thereon from March, 1907, at the rate of 6 per cent., aggregating $5,894.59, at the time the litigation terminated; that in said contract appellees were entitled, as the result of the litigation, to a fee of $1,298.19, with interest from March 23, 1915, which is a greater sum than that sued for under the second contract and notes. They pray in the alternative that, if a recovery was denied them on said second contract, they be allowed to recover on the first, and that, if for any reason the recovery be denied them on both of said contracts, then that they be permitted to recover on quantum meruit $1,500, the reasonable value of their services.

After the evidence had been introduced, the court directed the jury to find for the appellees the amount of the last contract, and judgment was entered accordingly.

[1-3] The first assignment is that the court erred in peremptorily instructing the jury to find for plaintiffs, because the evidence showed without conflict that one of the material inducements for defendant to execute said note and contract of September 30, 1912, was the definite statement and assurance of said Bray that the record in said cause of Spaulding Manufacturing Company against defendant had already been developed and was then in condition to strengthen defendant's cause and increase his recovery in case same had to be retried, and that the record for appeal was in such condition that the case could not be, and would not be, reversed. The first proposition under this assignment is that any false or fraudulent representation or statement as to a material inducement for entering into a contract will avoid the enforcement of the same. The general rule is that an attorney must act toward his client with the most scrupulous good faith and fidelity, and must make known to his client the exact status, so far as he is able, of the matter concerning which he is employed. The statements alleged to have been made were substantially proven. They were expressions of opinions as to what could or would be done in the future, and, ordinarily, are not such false representations as would entitle the appellant to avoid the contract upon the ground of fraud. We think the evidence was admissible, however, upon the issue of good faith, and the testimony of both Laybourne and Bray raised the issue.

[4-6] It will be observed that the court instructed the jury to return a verdict for the full amount due upon the second contract. The second contract was an agreement for increased compensation after the relation of attorney and client commenced. The rule with reference to such an agreement, where no additional services by the attorney are contemplated, is that it is presumptively without consideration and void, and the burden rests upon the attorney to show that the

new contract was fairly made, was reasonable, and that no advantage was taken by reason of the confidential relation existing between the parties, and that his client entered into it with full knowledge of the facts. Waterbury v. City of Laredo, 68 Tex. 565, 5 S. W. 81; Kahle v. Plummer, 74 S. W. 786; 2 R. C. L. "Attorneys at Law," §§ 42, 120. We think this issue should also have been submitted to the jury.

[7, 8] Appellant alleged that, at the time he employed appellees, he stated to Bray that he desired attorneys who were not then, and would not be during his litigation, in the employ or under the influence of the Spauldings; that, after being assured by Bray that he was free from any influence of the Spauldings and would make his money fighting them and not by working for them, he employed him. There is evidence in the record showing that Bray was employed by Spaulding during the progress of the litigation between appellant and Spaulding, in Iowa. The rule prohibiting an attorney once retained by a client from acting for the opposing party applies only in the case of conflicting interest in the absence of a contract. In the instant case, appellant alleged a contract to that effect with one of the appellees, and there is some evidence in the record tending to sustain the allegation. We think this issue should have been submitted to the jury.

The verdict of the jury was based upon the second contract, and the question of appellees' right to recover upon a quantum meruit is not presented by this record.

Some question is raised with reference to the action of appellees in dismissing appellant's cross-action at the time such dismissal was entered. If this was fraudulently done while appellees were under the influence of and in the employ of W. H. Spaulding, it would materially affect the right of appellees to recover any amount. The record, however, upon this issue, is not clear enough for us to pass upon it authoritatively.

Because the court erred in directing a verdict when the pleadings and evidence were sufficient to raise the issues of fact outlined above, the judgment is reversed, and the cause remanded.

On Motion for Rehearing.

[9] Appellee insists that we erred in stating that the court directed the jury to find for appellees upon the second contract. We were led into making this statement by appellant's brief. Upon a review of the entire record, we are not sure whether the court directed a verdict based upon the first or second contract; but we are reasonably certain that he could not have directed it under that count of plaintiff's pleadings seeking to recover upon a quantum meruit. If, however, the trial court was of the opinion that plaintiff was entitled to recover

$1,211.10 upon the quantum meruit, the record furnished us no basis upon which we can, by calculation, arrive at such an amount, and upon that theory of the case it was purely a question of fact for the jury, and the error of the court in directing a verdict is all the more apparent.

The motion for rehearing is overruled.

BOYCE, J., not sitting.