**COOLEY et al. v. BUIE et ux.    (No. 352.)**

(Court of Civil Appeals of Texas. Waco. April 29, 1926. Rehearing Denied June 3, 1926.)

**I. Attorney and client ☞167(2).**

Conflicting evidence as to services which attorneys agreed to perform and compensation agreed therefor *held* for jury.

**2. Attorney and client ☞143.**

Agreement to pay attorney sum additional to amount previously agreed upon is invalid, where no additional services are contemplated, in absence of peculiar facts.

**3. Attorney and client ☞124—Where attorney handling bankruptcy proceeding agreed to have exempt property set aside, deed to portion thereof secured by threat to abandon contest over property held invalid on account of duress.**

Where attorney agreed to file petition in bankruptcy, obtain discharge, and have exempt property set aside for client and to look to bankruptcy court for his compensation, deed to undivided interest in homestead property, secured by threat to abandon contest in federal courts as to exemption of property, *held* obtained under duress and therefore invalid.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by James A. Cooley and others against I. D. Buie and wife. Judgment for defendants, and plaintiffs appeal. Affirmed.

Jas. A. Cooley and G. O. Crisp, both of Kaufman, for appellants.

Thos. R. Bond, of Terrell, for appellees.

BAROUS, J. Appellants instituted this suit seeking to recover possession from appellees of a one-sixth interest in about 150 acres of land in Kaufman county, and for a partition of said property between them and appellees, claiming that appellees had conveyed said interest to them in consideration of legal services which they had rendered. Appellees defended on the ground that the deed which they had executed and delivered to appellants was without any consideration and had been executed and delivered under duress, and that they had never surrendered possession of the property. They filed a cross-action asking that the deed be canceled. The cause was tried to a jury and submitted on special issues. Based on the findings of the jury and additional findings by the court, judgment was entered denying appellants any relief and canceling said deed.

It is shown by the record that in 1922 appellee I. D. Buie employed appellants, who were attorneys, to file a petition in bankruptcy for him. Appellee Buie alleged and testified that at the time of the employment appellants agreed to file his petition in bankruptcy, obtain his discharge, have his exempt property set aside to him, and attend to all the work necessary and incident thereto, and would look alone to the bankruptcy court for their compensation. Appellants alleged and testified that they were only to file the petition in bankruptcy, draw up the necessary papers incident thereto, attend the first creditors' meeting, and obtain appellee's discharge in bankruptcy, and that they did not agree to make any contest or represent appellee in any contest that might be made over his homestead exemption. This is the controlling issue in the case.

[1] Appellee Buie claimed the 150 acres in controversy as his homestead in the bankruptcy proceeding. The trustee in bankruptcy filed a contest, which was carried through the trial court and finally to the Supreme Court of the United States (264 U. S. 588, 44 S. Ct. 402, 68 L. Ed. 864), and resulted in the property being set aside to appellees as their homestead. After the contest over the homestead was filed appellants demanded of appellees that they pay them additional compensation in cash, or in lieu thereof, execute to them a deed for an undivided one-sixth interest in their homestead property in consideration of their representing them through the federal courts in said contest, and refused to represent them until they executed and delivered the deed. Appellees contend that they executed the deed under duress and without any consideration, since appellants were bound and obligated to represent them in all the litigation in which they did represent them under and by virtue of the terms of the original contract and agreement of employment. The issue as to the extent and scope of the original employment was sharply contested by the testimony, and was submitted to the jury. The jury found that before the petition in bankruptcy was filed appellants agreed to represent appellee Buie as his attorney in all matters incident to the bankrupt proceeding, including the preparation and filing of the petition and schedules, attend the meeting of his creditors, get his

discharge as a bankrupt and have the exempt property set aside to him, and accept therefor such attorney's fees as might be allowed by said court. The jury's finding on said issue is supported by the testimony.

[2, 3] It seems to be a well settled principle of law in Texas that an agreement by a client with his attorney to pay the attorney an additional sum above the amount theretofore agreed upon, no additional services by the attorney being contemplated, is, in the absence of peculiar facts, invalid. Kahle v. Plummer (Tex. Civ. App.) 74 S. W. 786; Waterbury v. City of Laredo, 68 Tex. 565, 5 S. W. 81; Coon v. Ewing (Tex. Civ. App.) 275 S. W. 481; Laybourne v. Bray & Shifflett (Tex. Civ. App.) 190 S. W. 1159, 214 S. W. 630; 2 R. C. L. 1036; 6 C. J. 757. Appellants in this case did not plead or offer to prove that they performed any services for appellees other than those services which the jury found they were obligated to perform under their original contract. There is no pleading or testimony by appellants of any peculiar facts or conditions that would take this case out of the general rule as laid down by the above authorities. Appellants, in effect, admit appellees' contention that they refused to represent them in the federal court in the contest of the homestead, and threatened to abandon their cause unless the deed was executed and delivered. The jury having found that appellants were obligated under their original contract to represent appellees in the litigation, said deed was executed without any valuable consideration, and, same having been obtained by appellants by threatening to abandon a contract which they were obligated to perform, and which would have resulted in appellees being left in the suit without the services of said attorneys, same amounted in law to duress of property. Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434. Under the facts as shown by the record appellees were entitled to have the deed in controversy canceled.

The judgment of the trial court is affirmed.