**A. B. LAWRENCE, Appellant,**

v.

**J. M. HUBER CORPORATION, Appellee.**

No. 3842.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 8, 1961.

Reid, Strickland, Gillette & Ramsey, Baytown, for appellant.

Keith, Mehaffy, McNicholas & Weber, Beaumont, Culton, Morgan, Britain & White, Ray W. Richards, Amarillo, Thomas O. Moxcey, Denver, Colo., for appellee.

WILSON, Justice.

Appellant's sole point is that the trial court erred in allowing appellee a recovery by a declaratory judgment action of delay rentals paid to appellant under an oil and gas lease. The case was decided on motion for summary judgment under which the parties agree that the allegations in appellee's pleadings are taken as true. The parties simplify the issue of law: whether the payment made by appellee, under undisputed facts, was paid under duress, as he contends; or was a voluntary payment, as appellant claims.

Material allegations are that on September 10, 1957 appellant executed the oil and gas lease in question which provided for a primary term of five years and for payment of delay rentals of $10 per acre per year to defer drilling operations during the primary term. Delay rentals were paid on September 10, 1958, deferring obligation to commence drilling operations for the ensuing twelve months. On July 24, 1959 appellee began drilling operations on the land covered by the lease, which were continued until October 13, 1959, when the well was plugged and abandoned. (Appellee had previously, in November, 1958, plugged and abandoned as a dry hole another well on the tract.)

On September 8, 1959—two days before the second anniversary date—while drilling operations were in progress appellant Lawrence telephoned appellee (in the position of lessee, by assignment).

"He stated to the district landman in charge that he had received no payment of delay rentals for the delay rental period commencing September 10, 1959, and that it was his interpretation of the lease that if such delay rental was not paid on or before Sep-

tember 10, 1959, the following would be the resulting consequences: (a) If the Lawrence No. 2 well, then being drilled, was not productive of either oil or gas the lease would thereupon terminate;" (b) and (c) that acreage which could be held under the lease would be reduced if the well produced. Lawrence repeated these statements in another telephone conversation to an attorney in appellee's legal department.

Appellee made payment to appellant on or before September 10th of the delay rental which would have been due in the absence of drilling operations, accompanying payment with a notice stating, "This payment is made in order to meet the demand for delay rentals. * * * In making this payment, we do not agree with Mr. Lawrence's interpretation of the lease provisions, and we will commence a court action to interpret such provisions," and seek recovery of the payment.

Appellee also obtained a declaratory judgment that its drilling operations were effective to continue the lease in effect without payment of delay rentals, and that the payment made was not required under the terms of the lease. No complaint is made of this portion of the judgment.

■ Appellee concedes the general rule relied on by appellant that "a voluntary payment of money, with full knowledge of all the facts, except in cases of fraud, duress, or extortion cannot be recovered." It is not contended payment was made under mistake of law or fact. Appellant, relying on Dale v. Simon, Tex.Com.App.1924, 267 S. W. 467, adopted, argues that there can be no duress unless there is an imminent threat to do some act which the threatening party has no right to do, overcoming the will and destroying free agency of the party to whom it is directed, and such that there is no present means of protection against it; that there is not shown here any demand, threat or imminent danger.

Appellee, relying on the same authority, and citing Ward v. Scarborough, Tex.Com. App.1922, 236 S.W. 434, adopted; Pennell v. United Ins. Co., 150 Tex. 541, 243 S. W.2d 572; Austin Nat. Bank v. Sheppard, Tex.Com.App.1934, 123 Tex. 272, 71 S.W. 2d 242, adopted among others, urges the threat need not be expressly stated but rather may be covert, implied or masked; and still constitute duress.

■ "There can be no duress unless [1] there is a threat to do some act which the party threatening has no legal right to do. [2] Such threat must be of such character as to destroy the free agency of the party to whom it is directed. It must overcome his will and cause him to do that which he would not otherwise do, and which he was not legally bound to do. [3] The restraint caused by such threat must be imminent. [4] It must be such that the person to whom it is directed has no present means of protection." [5] Where the demand is wrongful and it is necessary for the demanding party to resort to the courts to enforce it, there is no duress. [6] "But where the party making the demand has, or is supposed to have, the power to injure the business or property interests of the one upon whom the demand is made, without resort to the courts to enforce the demand, and threatens to do an act which would cause such injury, and which he has no right to do, and thereby enforces compliance with his demand, [7] against the will of such party through fear of injury to his business or property * *, such threats amount to duress, [8] if it appears that the party making such demand * * * ought not in good conscience to retain the benefit received by reason thereof." Dale v. Simon, Tex.Com.App., 267 S.W. 467, 470, adopted.

■ While we agree with appellant that the facts here are not so detailed or impelling as those in Dale v. Simon, unquestionably he was not entitled to the payment he obtained, under the terms of the lease.

The very nature of the hazardous operation in which appellee was engaged coupled with the urgency imposed by a two-day time limit makes this case stronger than an ordinary case of payment under asserted duress. As said in the Simon case, appellant possessed "the power to injure the business and property interests" of appellee "by a mere declaration of forfeiture of the lease" without resort to the courts. Under the record we think the trial court was justified in determining appellant should not be allowed, in good conscience to retain the payment. 79 A.L.R. 655–669; 40 Am.Jur., Secs. 171, 172, p. 831; American Law Inst., Restatement, Restitution, pps. 13, 288; 70 C.J.S. Payment § 147; 3 Tex.L.Rev. 487.

Affirmed.