**MID–STATES GENERAL AGENCY, INC., et al., Appellants,**

v.

**BANK OF TEXAS, Appellee.**

No. 15586.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1970.

Rehearing Denied Feb. 12, 1970.

Bryan, Patton & Westmoreland, Chilton Bryan, J. H. Westmoreland, Houston, for appellants.

Robert H. Singleton, Houston, for appellee, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

COLEMAN, Justice.

This is a suit on insurance premium notes payable to Bank of Texas and endorsed with full recourse by Mid-States General Agency, Inc., and on a continuing guaranty agreement whereby Art. B. Taylor and J. S. Buckalew guaranteed to Bank of Texas the repayment of "credit and financial accommodations extended or to be extended or continued to Mid-States General Agency, Inc." The trial court granted a summary judgment in favor of Bank of Texas.

Appellants' first point of error reads: "The trial court erred in holding as a matter of law there is no fact issue to be determined in this case." This point of error is too general to comply with Rule 418, Texas Rules of Civil Procedure. However, in accordance with our usual practice, we shall look to the statements and argument in appellants' brief to determine their exact complaint. Crutchfield v. Associates Investment Company, 376 S.W.2d 957 (Tex.Civ.App.—Dallas 1964, writ refued); Pattison v. Highway Insurance Underwriters, 292 S.W.2d 694 (Tex.Civ.App.—Galv. 1956).

Appellants contend that there is a question of fact as to the issue of failure of consideration raised by the pleadings.

The agreement whereby Taylor and Buckalew guaranteed the payment of the obligations of Mid-States General Agency, Inc. to appellee contains these provisions:

"IN CONSIDERATION of credit and financial accommodations extended, to be extended or continued to Mid-States General Agency, Inc., hereinafter called 'Borrower,' by BANK OF TEXAS, Houston, Texas, hereinafter called 'Bank,' and for other good and valuable considerations, I, we, and each of us, have jointly, severally and unconditionally guaranteed and do hereby jointly, severally and unconditionally guarantee to Bank, the payment of each and every claim, demand, indebtedness, right or cause of action of every nature whatsoever against said Borrower now or hereafter existing, due or to become due to, or held by Bank to the extent of ----------NO LIMIT----- Dollars, together with any and all expenses incurred by Bank in enforcing this Agreement. This is a continuing guaranty and all extensions of credit and financial accommodations concurrently herewith or hereafter made by Bank to Borrower shall be conclusively presumed to have been made in acceptance hereof.

"* * *.

"The undersigned waive notice of acceptance of this guaranty and of any liability to which it applies or may apply, and waive presentment and demand for payment thereof, notice of dishonor or non-payment thereof, collection or instigation of suit or any other action by Bank in collection thereof including any notice of default in payment thereof or other notice to, or demand of payment therefor on, any party. Payment by the undersigned shall be made at the main office of Bank in Houston, Texas.

"Bank may, at its option, at any time without the consent of, or notice to the undersigned, without incurring responsibility to the undersigned, without impairing or releasing the obligations of the undersigned, upon or without any terms or conditions and in whole or in part, * * * (3) exercise or refrain from exercising any rights against Borrower or others, or otherwise act or refrain from acting, * * *"

Appellee instituted this suit against the agency and the guarantors on twenty five insurance premium notes and contracts. Each of the notes, or contracts, evidence a loan made by the Bank to the purchaser of insurance. In each case Mid-States Agency endorsed the instrument with full recourse. The Bank credited the amount of each note to the Agency Account. Each of the contracts provided for payment in monthly installments and provided: "The

undersigned and all endorsers hereof severally waive notice, demand, presentment for payment, protest and the filing of suit hereon for the purpose of fixing liability."

In their sworn answer appellants state that the Bank never advised them that there had been a default in any payment due on the notes so that they could cancel the insurance policy and reduce the amount of indebtedness to the Bank. Appellants also state that the Bank wholly failed to take action of any kind to collect the notes from the makers.

■ A waiver clause embodied in a note is binding on an endorser. Therefore neither the failure to notify the Agency that the maker of the note had defaulted, nor the failure to sue the maker constitutes a defense to the action against it. The trial court properly granted a summary judgment for appellee against Mid-States General Agency, Inc. Delta Metals, Inc. v. Alfin Manufacturing Co., 342 S.W.2d 599 (Tex.Civ.App.—Dallas 1960, writ ref.); Martin v. Fannin Bank, 389 S.W.2d 724 (Tex.Civ.App.—1st Dist. Houston 1965).

■ The rights of the guarantors must be determined from the language of the contract. Roseborough v. Phillips, 389 S.W.2d 593 (Tex.Civ.App.—Dallas 1965). Appellants contend that certain language used reciting the consideration for the agreement, "financial accommodations continued, extended or to be extended," should be construed to require appellee not only to collect premium payments, but also to handle the accounts in a prudent, businesslike manner. They contend that this would necessarily include doing all that was necessary to mitigate damages if the insured failed to make payments, including notice to appellants of non-payment so that the policy might be cancelled. Unless there is a duty to handle the accounts in a businesslike manner there can be no disputed fact issue.

■ All of the language of the contract of guaranty must be given effect if possible. The clause reciting in general terms the consideration must be construed in context. Full effect must be given to the clauses whereby appellants specifically waive presentment and demand for payment, notice of non-payment or default in payment, and of the clause wherein they agree that the appellee may, without the consent of or notice to the guarantors, and without incurring responsibility to, or impairing the obligations of, the guarantors, exercise or refrain from exercising any rights against the borrower or otherwise act or refrain from acting. This language negates any duty on the part of appellee to handle the accounts in a businesslike manner, and particularly relieves appellee of any duty to give notice of non-payment, or to attempt collection of the accounts by legal action against the borrower, or to cancel the insurance and to apply the unearned premiums to the delinquent accounts. McGhee v. Wynnewood State Bank, 297 S.W.2d 876 (Tex.Civ.App.—Dallas 1956, writ ref., n. r. e.).

■ Appellants have alleged that appellee refrained from giving notice of non-payment of the various accounts for the specific purpose of injuring them, and they contend that this constitutes fraud. In the absence of a duty to give notice of non-payment, the motive prompting a failure to give such notice would be immaterial and could not form the basis of a defense based on fraud.

■ Appellants make the general statement that the pleadings and the affidavits raise material issues of fact as to error, duress, and mistake. The specific facts alleged to constitute duress, mistake, or error are not stated in the brief. The only instances in which error or mistake are mentioned in the affidavits are mistakes favorable to appellants. No facts are alleged constituting duress. Lawrence v. J. M. Huber Corporation, 347 S.W.2d 5 (Tex. Civ.App.—Waco 1961).

■ Appellants contend that the trial court improperly awarded judgment for at-

torney's fees against the guarantors. Appellants have guaranteed that Mid-States General Agency, Inc. will pay any sums due from it to appellee. If Mid-States is liable to appellee for the attorney's fees provided in the premium notes by reason of its endorsement, the guarantors are also liable. Young v. J. F. Zimmerman & Sons, Inc., 434 S.W.2d 926 (Tex.Civ.App.—Waco 1968, writ dism.).

Each of the notes contains this provision: "In the event of default the undersigned will pay all expense of collection, including an attorney's fee of ten per cent (10%) of the amount then owing and unpaid."

It is undisputed that there was a default in the payment of each of these notes, and that all of them were placed in the hands of an attorney for collection. Mid-States is liable for the contractual attorney's fee. Commerce Securities Corporation v. Congleton, 8 S.W.2d 803 (Tex.Civ.App.—Dallas 1928, writ dism.).

The judgment is affirmed.