Sue Ann **WINDHAM**, Appellant,

v.

**ALEXANDER, WESTON & POEHNER, P.C., FKA Alexander & Weston, P.C., Appellee.**

No. 06–94–00053–CV.

Court of Appeals of Texas, Texarkana.

Oct. 18, 1994.

Rehearing Overruled Nov. 15, 1994.

Robert Huckabee, Francis & Huckabee, Dallas, for appellant.

Ken R. Davey, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Sue Ann Windham appeals from a summary judgment on a promissory note, contending that fact issues existed on her defensive issues of duress and failure of consideration.

Windham retained the law firm of Alexander, Weston & Poehner, P.C., to represent her in her divorce. After a two-week trial, the jury found that Windham should pay her own attorneys' fees in the amount of $43,000. Under the divorce decree (which was rendered several weeks after trial), she was awarded $240,000, to be paid by her former spouse in monthly installments of $3,000. After trial, but before the decree was rendered, she met with her attorneys and eventually signed a note by which she agreed to pay $62,661 in attorneys' fees.

After the court entered its decree, Windham negotiated a change in payment sched-

ule. Apparently she and the attorneys had expected to receive a lump sum payment from her ex-husband. When that did not materialize, the attorneys agreed to accept her payment in monthly installments of $800. This agreement was reached in a telephone conversation, which was memorialized in a letter by the attorneys to Windham specifying the amount, the date that payments would be due, and the general terms of payment.

This suit was brought by the law firm in the form of a suit on a promissory note. Windham defended on the grounds that she only entered into the agreement to pay under duress and that the fee was clearly excessive. The trial court granted the summary judgment based upon the promissory note without mention of the affirmative defense of duress and the summary judgment proof on that issue.

Summary judgment is proper provided the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 736 (Tex. 1990).

Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material facts are resolved in favor of the nonmovant. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex. 1985).

 Windham has not attacked the promissory notes on any basis save two: in-

adequacy of consideration and duress. The general rule is that before consideration will be deemed inadequate it must be so grossly inadequate as to shock the conscience, being tantamount to fraud. *Birdwell v. Birdwell,* 819 S.W.2d 223 (Tex.App.—Fort Worth 1991, writ denied). The undisputed summary judgment proof showed that the jury found that a reasonable attorneys' fee for the underlying divorce action was $43,000. The undisputed evidence also shows that she was presented with a bill and promissory note for $62,000. The court, however, is not concerned with the relative pecuniary value, as long as something of real value in the eye of the law is given. The representation of Windham in a complex divorce case is sufficient consideration for the indebtedness and promissory note. We do not hold that this amount was in accordance with the agreement between the parties because that is not the point of error before us.

 Windham contends that she signed the promissory note under duress. She asserts that she signed the original note and agreed to the payment schedule for that note only because of intimidation tactics by her attorneys. Her summary judgment proof on this point consists of her affidavit and her deposition. Her affidavit and deposition testimony indicate that she was called to her attorneys' offices shortly after trial concluded. She met with two attorneys and a legal assistant in the break room of the law office and was presented with two bills, one for $62,000 and the other for $299, and two promissory notes for those amounts.[1] She stated that the attorneys refused to explain the discrepancy between the jury's findings and their demand and that after a lengthy discussion, one of the attorneys stuck his pen in her face and said, "Mrs. Windham, I do not know what the jury verdict meant. To me it means nothing. What I am telling you is that you owe me exactly what I'm telling you you owe me." She testified by deposition that the actions of the attorneys were threatening and intimidating and that she

---

1. One of these notes was for $299 and was completely unrelated to the divorce action. The attorneys had engaged in some criminal defense for her daughter. This is not contested on appeal.

was at a loss to know how to proceed because they were her attorneys.

In *Cooley v. Buie,* the court found that an attorney's threat to abandon a pending lawsuit unless a deed was signed could amount to duress. 284 S.W. 702, 703 (Tex.Civ.App.—Waco 1926). This case was reversed by the Texas Commission of Appeals, not on the basis that this was not a proper legal principle, but on the basis that the proper construction of findings of fact excluded duress in the conveyance under consideration. *Cooley v. Buie,* 291 S.W. 876 (Tex.Comm'n App. 1927, holding approved). In the present case, according to Windham's deposition, she was threatened with the possibility that the attorneys would withdraw from the case, which had not been finalized. She further testified, however, that the attorneys did not say in the exact words, "If you don't pay or if you don't sign this note, we're not going to represent you anymore."

 Alexander, Weston & Poehner, P.C. contends that a threat to do what one has a legal right to do is insufficient to create duress. We agree. There is a long line of Texas cases in which the courts have held that a threat to do merely that which one has a legal right to do is insufficient as a foundation for duress. Furthermore, in the present case, if Windham had already agreed to pay the amount being demanded, she would have sustained no damage by signing a note to pay that same amount. Implicit in the term *duress* is that the threat is unlawful, improper, or unjust.

 The law firm contends that it had a legal right to demand payment and to threaten to cease to represent Windham if she did not sign the notes in satisfaction of her indebtedness. This right, however, depended on whether Windham owed the amount demanded by the firm. According to the summary judgment proof, Windham questioned the amount of the notes as being excessive. While the attorneys have a right to collect payment for what they are owed, they have no right to collect more than that amount or demand that she sign a note for an amount in excess of that owed. The thrust of the firm's initial suit was for recovery on the promissory note. It offered no summary judgment proof of the underlying claim except to say that Windham had agreed to pay attorney's fees. The question of the amount owed becomes a relevant factor under the affirmative defense of duress. There was no summary judgment proof that Windham agreed to an hourly rate or any other specific figure prior to the signing of the promissory note. The affidavit of J. Michael Alexander in support of the summary judgment specifically contains the language that he offered "no opinion as to the reasonableness of attorney's fees."

 The intimidation will be sufficient if it induces the party claiming duress to perform, contrary to his or her will, some act that he or she is not legally bound to do. *Lawrence v. J.M. Huber Corp.,* 347 S.W.2d 5 (Tex.Civ.App.—Waco 1961, no writ). The test then is based upon the condition of the mind of the person claiming intimidation. There is no satisfactory general rule that can apply to all situations to constitute duress. Although what constitutes duress is a question of law, whether duress exists in a particular situation is generally a question of fact dependent upon all the circumstances surrounding the situation. *Matthews v. Matthews,* 725 S.W.2d 275 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In her deposition, Windham testified that she was in a very emotional state caused by the lengthy divorce trial, that the attorneys found her breaking point, and that to get away from the attorneys and that firm, she signed the note. The summary judgment proof shows that there are disputed fact issues concerning the elements of duress, and these must be resolved by the fact finder in the trial on the merits, not by summary judgment.

Upon examining all of the summary judgment proof, we do not find that the movant was entitled to a summary judgment as a matter of law. The judgment is reversed, and the case is remanded to the trial court for further proceedings.