# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00229-CV

**Base Marketing, Inc.; Soils Control International, Inc.; and Andres Jackson, Appellants**

**v.**

**Base-Seal International, Inc. and Maxine R. Williams, Individually, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 161,728-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Base Marketing, Inc., Soils Control International, Inc., and Andres Jackson (collectively "Soils Control") appeal from the summary judgment rendered against them in their suit against appellees Base-Seal International, Inc. and Maxine R. Williams (collectively "BSI"). We affirm the trial court's judgment.

### Factual and Procedural Background

BSI manufactures a product used to stabilize soils under the base of roads using the trade name Base-Seal Liquid Soil Stabilizer (Base-Seal). Beginning in 1991, Andres Jackson, acting through various companies, purchased Base-Seal for resale to his customers, accumulating a debt

to BSI of approximately $120,000 in unpaid and overdue invoices for purchases of Base-Seal made between 1991 and 1995. On September 1, 1995, Soils Control executed two promissory notes in favor of BSI in payment of and as security for the antecedent debt owed on the unpaid and overdue invoices. The total combined principal was $124,006.45. After making one scheduled payment and one partial payment, Soils Control ceased making payments, defaulted on the loan, and left an unpaid balance of $120,917.33. On November 2, 1995, BSI notified Soils Control of the default and accelerated the balance due.

Soils Control sued BSI, contending that Base-Seal was a defective product. Soils Control contended that Base Seal's defects resulted in its customers experiencing road failures, thus harming Soils Control's business. BSI filed a "no evidence" motion for summary judgment with regard to Soils Control's affirmative claims against it and a traditional motion for summary judgment on its counterclaim to collect on the two promissory notes from Soils Control. The court granted BSI's no-evidence summary judgment against Soils Control on its claims against BSI (the "first summary judgment"), then later granted BSI's traditional motion for summary judgment on its counter-claim (the "second summary judgment").

Soils Control brings five issues on appeal, contending that the trial court: (1) erroneously rendered judgment for BSI on the note based on Soils Control's alleged failure to plead the affirmative defenses of failure of consideration and want of consideration; (2) improperly gave collateral estoppel effect to its ruling on the first motion for summary judgment in considering the second motion for summary judgment; (3) improperly disregarded evidence of a product defect when it granted the second motion for summary judgment; (4) improperly rendered the first summary

2

judgment against Soils Controls appearing *pro se* in light of a genuine issue of material fact in the record concerning a product defect and in general erred in not excusing any procedural lapses on Soils Control's part; and (5) erred in rendering the first summary judgment based on Soils Control's claimed failure to designate experts timely.

### Discussion

As part of its fourth issue, Soils Control contends that any procedural lapses on its part should be excused because at times it proceeded *pro se* through Andres Jackson.[1]  However, "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975).  As stated by the Texas Supreme Court:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.  Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied).  No allowance is to be made for the fact that a litigant is not an attorney.  *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ); *Bailey v. Rogers*, 631 S.W.2d 784, 786-87 (Tex. App.—Austin

---

[1]  We note that all parties are represented by counsel on appeal.

3

1982, no writ).[2]  We overrule this part of appellant's fourth issue.  Accordingly, we review the summary judgments and other aspects of the case using the ordinary standards of review.

### First (No-Evidence) Summary Judgment

The court reviews a no-evidence motion for summary judgment using the same standard that it applies in a directed verdict case.  *Lampasas v. Spring Ctr., Inc.*, 938 S.W.2d 428, 432 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.).  To withstand a no-evidence motion for summary judgment, the nonmovant must produce some evidence of probative force to raise a fact issue on each element challenged by the motion.  *See* Tex. R. Civ. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  We consider all the evidence in the light most favorable to the party against whom summary judgment was granted; every reasonable inference is indulged in favor of the nonmovant and doubts resolved in its favor.  *Flameout*, 994 S.W.2d at 834.

When the trial court's order does not state the grounds for granting summary judgment, the appellant must show that each of the arguments alleged in the motion is insufficient to support the judgment.  *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).  Otherwise, we affirm the summary judgment if any one of the theories advanced has merit.  *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374,

---

[2] Soils Control relies on *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied), to support its argument that *pro se* litigants are held to less stringent standards.  *Thomas* referred only to construing *pro se* pleadings particularly liberally in the context of considering the sufficiency of a pleading to state a cause of action under 42 U.S.C. § 1983 and survive a motion to dismiss.

4

380 (Tex. 1993); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). The nonmovant must do more than assert generally that it has raised a genuine issue of material fact; the court is not required to search the record without guidance to determine whether the litigant produced evidence to raise a fact issue on the challenged elements. *See Brewer & Pritchard v. Johnson*, 73 S.W.3d 193, 206-07 (Tex. 2000).

In the remainder of its fourth issue, Soils Control argues that the trial court improperly granted the no evidence motion because, "although not submitted in proper form, there was nevertheless evidence of a genuine issue of material fact of a product defect that should have precluded the granting of the first motion for summary judgment." Soils Control's problem in attempting to defeat the first motion for summary judgment is more than the form of the evidence. Soils Control's unsworn response to the motion for summary judgment simply reiterated various assertions from its pleadings, centering on its claim that Base-Seal was a defective product. The answer in no way addresses any *specific* cause of action challenged by BSI. Appellant's brief on appeal asserts that the record below establishes a genuine issue of material fact concerning a product defect but again does not address the issue in terms of particular elements of particular causes of action on which it asserts a material fact issue existed. After reviewing the record, at best we can infer that the alleged product defect is relevant to the breach of warranty cause of action.[3]

---

[3] Soils Control pleaded causes for breach of express and implied warranties; tortious interference with existing contractual and business relations; tortious interference with prospective business relations; usury violations and failure of consideration; trademark infringement; libel and slander; fraud; and theft of intellectual property. In addition to an expert report, the other evidence attached to the response included an advertisement for Base-Seal; a laboratory report prepared for BSI; the credentials of the chemist preparing that report; a copyright application; and a copy of a page of a request for admissions directed to BSI.

Further, the evidence on which Soils Control relies to support his claim of a product defect is a report by a Dr. Hadley of Maxim Technologies. This report was first served on the trial court and on appellees two days *after* the hearing on the motion for summary judgment. Even then, it was offered not in response to the first motion for summary judgment but as an attachment to a motion to compel. In addition, the report itself suffers from problems that prevent it from being competent summary judgment evidence. Soils Control's affidavit in support of the evidence does not in any way establish that Maxim Labs or Hadley are qualified to perform materials testing and to testify about any alleged defect in the product. *See* Tex. R. Civ. P. 166a(f) (affidavits shall show affirmatively that affiant is competent to testify to matters stated therein).

Although Soils Control alluded to problems occurring with a road surface in Poland and its incurring travel expenses in connection with that problem, it produced no documentation of such a problem and no record of expenses to support this assertion. Soils Control introduced no evidence to show that it had ever refunded any money paid by a customer for the product as a result of the alleged defect; on the contrary, it admitted it had never made any such refund. At the time of the granting of the first summary judgment, the trial court literally had no competent summary judgment evidence before it to raise a genuine issue of material fact on any challenged element of Soils Control's causes of action. *See* Tex. R. Civ. P. 166a(i); *Flameout Design*, 994 S.W.2d at 834. We overrule the remainder of appellant's fourth issue.

In its fifth issue, Soils Control contends that the trial court erred in granting the first summary judgment based on Soils Control's failure to designate experts timely. Soils Control complains that BSI misrepresented to the trial court that Soils Control failed to designate experts timely and therefore no experts were allowed to offer testimony at the oral hearing. First, oral

6

testimony is not received at a hearing on a motion for summary judgment. Tex. R. Civ. P. 166a(c). The basic evidentiary problem at the first hearing was not the designation of experts, but Soils Control's admitted late filing of the evidence on which it relied. However, the document offered as a designation of experts was a general witness list that did not contain any designations of experts. Soils Control also asserts that answers to interrogatories served as a designation of experts. The interrogatory answer dealt with identification of any consulting experts whose work product had been review by a testifying expert but did not identify any proposed testifying experts. Finally, the record does not show that the trial court considered the failure to designate experts as a reason for granting the first summary judgment as it was a general summary judgment. We overrule issue five.

### *Second (Traditional) Summary Judgment*

Soils Control's first three issues concern the second summary judgment, the rendition of which created the final judgment. The second motion for summary judgment was a traditional motion for summary judgment asking for judgment in BSI's favor on its counter-claim to collect on the promissory notes. The standard for reviewing a traditional motion for summary judgment is (1) the movant has the burden of showing there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference will be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

If the party opposing a summary judgment relies on an affirmative defense, it must come forward with summary judgment evidence sufficient to raise an issue of fact on each element

7

of its defense to avoid summary judgment. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). When responding to a motion for summary judgment, a party must expressly and specifically identify the supporting summary judgment proof on file which it seeks to have considered by the trial court. *See Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Boeker v. Syptak*, 916 S.W.2d 59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ).

When the trial court's order does not state the grounds for granting summary judgment, the appellant must show that each of the arguments alleged in the motion is insufficient to support the judgment. *Carr*, 776 S.W.2d at 569; *Malooly Bros.*, 461 S.W.2d at 121 (Tex. 1970). Otherwise, we affirm the summary judgment if any one of the theories advanced has merit. *State Farm*, 858 S.W.2d at 380; *Rogers*, 772 S.W.2d at 79.

### Consideration

In its first issue, Soils Control contends that the trial court erred in rendering the second summary judgment based on Soils Control's alleged failure to plead the affirmative defenses of failure of consideration and want of consideration. In its third issue, Soils Control contends that the trial court improperly disregarded evidence of a product defect that supported its affirmative defense of want or failure of consideration. We will assume without deciding that Soils Control properly pleaded this defense because Soils Control failed to raise a genuine issue of material fact with regard to either want or failure of consideration.[4]

---

[4] As noted by BSI, Soils Control tends to use these two defenses interchangeably, but they are two different affirmative defenses. *See National Bank of Commerce v. Williams*, 84 S.W.2d 691, 692 (Tex. 1935) (failure of consideration presupposes consideration existed in the first place; want of consideration means no consideration was ever given).

8

Under common law, as long as something of real and legally cognizable value is given in exchange for appellant's promise to pay under the promissory notes, the notes are supported by adequate consideration. *See, e.g.*, *Windham v. Alexander, Weston & Poehner, P.C.*, 887 S.W.2d 182, 184 (Tex. App.—Texarkana 1994, writ denied) (in determining existence or sufficiency of consideration for note, court "is not concerned with the relative pecuniary value, as long as something of real value in the eye of the law is given."). Under the Uniform Commercial Code, a promissory note is issued for "value" if it is issued as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due. Tex. Bus. & Com. Code Ann. § 3.303(a)(3) (West 2002) ("UCC"); *Cortez v. National Bank of Commerce*, 578 S.W.2d 476, 478 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.); *West Coast Mining, Inc. v. Security Nat'l Bank of Lubbock*, 442 S.W.2d 821, 822 (Tex. App.—Amarillo 1969, writ ref'd n.r.e.). If the note is issued for value, consideration exists. UCC § 3.303(b).

BSI's summary judgment evidence before the trial court showed that Soils Control received an extension of credit from BSI, received the Base Seal product for resale, and sold the product to their customers for a profit. BSI does not controvert its receipt and resale of the product. BSI admitted that it had never refunded any money to its customers based on the alleged product defect. In other words, the notes represented an antecedent debt for product that had been delivered to Soils Control and resold at a profit. The notes were supported by consideration. *See* UCC § 3.303(a)(3) (cmt. 1, case 1).

Soils Control also contends that it established the affirmative defense of failure of consideration. To establish such a defense, Soils Controls needed to offer summary judgment proof as to each element of the affirmative defense of failure of consideration. *Brownlee*, 665 S.W.2d at

9

112; *Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). Accordingly, Soils Control needed to establish (1) the consideration for the notes at inception; and (2) that such consideration later failed. *See, e.g.*, *National Bank of Commerce v. Williams*, 84 S.W.2d 691, 692 (Tex. 1935).

Soils Control bases its failure of consideration claim on its contention that Base Seal was a defective product. Soils Control offered the same response to the second motion for summary judgment as it did to the first. As discussed in dealing with the first summary judgment Soils Control failed to produce competent summary judgment evidence that Base Seal was a defective product. The report on which it relies is not authenticated in Soils Control's affidavit. *See* Tex. R. Civ. P. 166a(f). Soils Control's affidavit does not establish that the author of the report was qualified to testify concerning any product defect. *See id.*[5] We overrule the third issue.

In its second issue, Soils Control asserts that the trial court improperly gave collateral estoppel effect to its ruling on the partial summary judgment in granting the second motion for summary judgment, specifically with regard to the issue of failure of consideration based on a product defect. There is no evidence in the record to show that the trial court based its judgment on collateral estoppel. BSI objected to Soils Control's summary judgment evidence based on the various problems with the evidence. It did not raise collateral estoppel as an issue at the hearing on the second motion for summary judgment. *See Centre Equities v. Tingley*, 106 S.W.3d 143, 152

---

[5] Soils Control's report concluded that Base-Seal dissolves in water under certain conditions. BSI's summary judgment evidence showed that the product is designed to be water soluble; a complex catalytic reaction then stabilizes the product. As noted by BSI, there is no actual statement in the report that Base-Seal is defective, unfit for its intended purposes, or fails to perform as represented.

(Tex. App.—Austin 2003, no pet.) (movant bringing motion for summary judgment based on collateral estoppel bears burden of conclusively proving those elements). The summary judgment does not state the grounds upon which it is based; it states that "there is no genuine issue of material fact as to the relief requested in said Motion." We affirm the judgment if any one of the theories advanced by the movant has merit. *See State Farm*, 858 S.W.2d at 380; *Rogers*, 772 S.W.2d at 79. BSI moved for summary judgment based on the lack of a fact issue. Accordingly, we overrule Soils Control's second issue.

### Conclusion

We have overruled appellant's second through fifth issues; we did not need to decide the first issue. *See* Tex. R. App. P. 47.1 (written opinion to be as brief as practicable while addressing every issue raised and necessary to final disposition of the appeal). We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 12, 2004

11